UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 23-40569-EJC |
| | ) | |
| MASTER LENDING GROUP, LLC, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**TRUSTEE'S AMENDED APPLICATION FOR
APPOINTMENT OF SPECIAL COUNSEL**

COMES NOW, Tiffany E. Caron, as Chapter 7 Trustee ("**Trustee**" or "**Applicant**") in the bankruptcy case (the "**Case**") of Master Lending Group, LLC ("**Debtor**"), and respectfully represents as follows:

1.

Applicant is the duly qualified and acting Trustee herein. To administer the Case in a proper, efficient, and economical manner, Applicant requires the services of special counsel, and she wishes Neil C. Gordon, John K. Rezac, Jason L. Pettie, and Natalie Rowland of the law firm of Taylor English Duma LLP ("**TED**" or "**Special Counsel**"), to be appointed to act as her special counsel in the Case.

2.

Partners and associates of TED are admitted to practice in this Court or will be admitted *pro hac vice*, and have knowledge and experience in bankruptcy practice and are well qualified to represent the Trustee in this matter. Attached as Exhibit "A" are the Bankruptcy Rule 2014 Verifications of Neil C. Gordon, John K. Rezac, Jason L. Pettie, and Natalie Rowland.

3.

The current hourly billing rates of the attorneys and paralegals who may render services in

the Case are as follows:

| | | | |
|---|---|---|---|
| 1. | Neil C. Gordon | $595.00 | (Attorney) |
| 2. | John K. Rezac | $495.00 | (Attorney) |
| 3. | Jason L. Pettie | $480.00 | (Attorney) |
| 4. | Natalie Rowland | $425.00 | (Attorney) |
| 5. | Pamela E. Bicknell | $260.00 | (Paralegal) |
| 6. | Angela G. Ford | $260.00 | (Paralegal) |

The listed Paralegals have been working with Mr. Gordon for over 30 years each and operate at a very high level. It is anticipated Neil Gordon and Natalie Rowland will primarily be working on this case. Depending on the need for particular experience or the exigencies of the Case, other attorneys may also provide services. The above rates may be increased during the term of the proposed employment or if so awarded by the Court.

4.

Professional services for which Special Counsel for the Trustee are necessary in this Case relate to recovery of assets to be administered for the benefit of the bankruptcy estate of the Debtor (the "**Estate**"). Special Counsel will assist Trustee by advising her on complex and sophisticated legal issues related to Debtor's pre-petition activities, asset forfeiture proceedings, and similar matters, as well as pursuing avoidance claims, litigation, and such other matters as Trustee delegates to Special Counsel. Trustee's general counsel will be preparing and filing an Application for Special Counsel to appear *pro hac vice*.

5.

The professional services, which may be rendered for which it is necessary that an attorney act may also include:

(a) Preparation of pleadings and motions and conducting of examinations incidental to the administration of the Estate;

(b) Services incidental to preservation and disposition of assets;

(c) Investigation, analysis, and appropriate action, if required, relative to any preference, fraudulent transfer, unperfected security interest, improper disposal of assets, prosecution of the Estate's claims, or pending litigation;

(d) Any and all other necessary action incident to the proper preservation and administration of the Estate.

6.

To the best of Applicant's knowledge, TED's acting as Special Counsel in the Case will be in the best interest of the Estate, because Special Counsel has extensive expertise in the matters likely to arise in this Case and will not have the same learning curve as other counsel. Special Counsel also will be able to provide guidance to the Trustee that might otherwise not be available from less experienced counsel.

7.

To the best of Applicant's knowledge, TED's acting as Special Counsel in the Case will be in the best interest of the Estate, Debtor, Debtor's creditors, and other parties in interest. Except as otherwise disclosed herein and in the Bankruptcy Rule 2014 Verification of Neil C. Gordon, John K. Rezac, Jason L. Pettie, and Natalie Rowland (the "Verifications"), TED does not hold or represent an interest adverse to the Estate, does not represent any creditor or other known interested party, and is a disinterested person under 11 U.S.C. § 327(a). However, this case is at its outset; if Special Counsel becomes aware of any adverse interest in the future, Special Counsel will amend the Verification accordingly.

8.

In order to expedite the marshaling of the Estate's assets, TED has heretofore performed certain professional services for the Estate or plans to perform such services, which may be

rendered prior to the signing of any order upon this Application.

9.

Applicant proposes that Neil C. Gordon, John K. Rezac, Jason L. Pettie, and Natalie Rowland be compensated for their services in accordance with future orders of the Court based upon the criteria for professional compensation required by bankruptcy law.

WHEREFORE, Applicant prays that Neil C. Gordon, John K. Rezac, Jason L. Pettie, and Natalie Rowland be authorized to act as Applicant's Special Counsel in the Case and that such authorization continue if said firm should assist any successor Trustee.

This 17th day of July, 2023.

                                    RESPECTFULLY SUBMITTED,

                                    By: */s/ Tiffany E. Caron*
                                        Tiffany E. Caron
                                        State Bar No. 745089
                                        Chapter 7 Trustee

P. O. Box 711
West Palm Beach, FL 33402
Ph: (404) 647-4917
Email: tiffany.caron@hotmail.com

## EXHIBIT "A"

## RULE 2014 VERIFICATION WITH REGARD TO EMPLOYMENT OF ATTORNEYS

The undersigned hereby declares under penalty of perjury:

1. I am a partner with the law firm of Taylor English Duma LLP, with offices at 1600 Parkwood Circle SE, Suite 200, Atlanta, Georgia 30339 (the "**Firm**").

2. The Firm has been asked to act as special counsel for Tiffany E. Caron, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of Master Lending Group, LLC ("**Debtor**"). To the best of my knowledge, and after an initial review, the Firm has no professional, business, or other connection with the aforementioned Debtor, Debtor's creditors, or any party in interest in this case, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, other than possible professional or social relationships. The Firm will continue to review this matter for conflicts and amend this verification accordingly as needed. Thus, it appears the Firm represents no interest which would be adverse to the estate of Debtor in connection with the matters upon which the Firm is to be engaged.

3. The Firm will not expect or receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing based on the hourly rates set forth in the subject Application for Appointment as Special Counsel, which may be increased from time to time in the normal course of business.

Dated this 12th day of July, 2023.

By: _____
Neil C. Gordon
State Bar No. 302387

SWORN TO AND SUBSCRIBED before me this 12th day of July, 2023.

_Pamela E. Bicknell_
Pamela E. Bicknell
Notary Public
My commission expires: January 18, 2026



{02609590-1 }

## EXHIBIT "A"

## RULE 2014 VERIFICATION WITH REGARD TO EMPLOYMENT OF ATTORNEYS

The undersigned hereby declares under penalty of perjury:

1. I am a partner with the law firm of Taylor English Duma LLP, with offices at 1600 Parkwood Circle SE, Suite 200, Atlanta, Georgia 30339 (the "**Firm**").

2. The Firm has been asked to act as special counsel for Tiffany E. Caron, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of Master Lending Group, LLC ("**Debtor**"). To the best of my knowledge, and after an initial review, the Firm has no professional, business, or other connection with the aforementioned Debtor, Debtor's creditors, or any party in interest in this case, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, other than possible professional or social relationships. The Firm will continue to review this matter for conflicts and amend this verification accordingly as needed. Thus, it appears the Firm represents no interest which would be adverse to the estate of Debtor in connection with the matters upon which the Firm is to be engaged.

3. The Firm will not expect or receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing based on the hourly rates set forth in the subject Application for Appointment as Special Counsel, which may be increased from time to time in the normal course of business.

Dated this 16th day of July, 2023.

By: _____
John K. Rezac
State Bar No. 601935

SWORN TO AND SUBSCRIBED before me this 14th day of July, 2023.

_____
Pamela E. Bicknell
Notary Public
My commission expires: January 18, 2026



{02612034-1}

## EXHIBIT "A"

## RULE 2014 VERIFICATION WITH REGARD TO EMPLOYMENT OF ATTORNEYS

The undersigned hereby declares under penalty of perjury:

1. I am a partner with the law firm of Taylor English Duma LLP, with offices at 1600 Parkwood Circle SE, Suite 200, Atlanta, Georgia 30339 (the "**Firm**").

2. The Firm has been asked to act as special counsel for Tiffany E. Caron, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of Master Lending Group, LLC ("**Debtor**"). To the best of my knowledge, and after an initial review, the Firm has no professional, business, or other connection with the aforementioned Debtor, Debtor's creditors, or any party in interest in this case, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, other than possible professional or social relationships. The Firm will continue to review this matter for conflicts and amend this verification accordingly as needed. Thus, it appears the Firm represents no interest which would be adverse to the estate of Debtor in connection with the matters upon which the Firm is to be engaged.

3. The Firm will not expect or receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing based on the hourly rates set forth in the subject Application for Appointment as Special Counsel, which may be increased from time to time in the normal course of business.

Dated this 14th day of July, 2023.

By: _____
Jason L. Pettie
State Bar No. 574783

SWORN TO AND SUBSCRIBED before me this 14th day of July, 2023.

_____
Pamela E. Bicknell
Notary Public
My commission expires: January 18, 2026

{02612038-1}

## EXHIBIT "A"

### RULE 2014 VERIFICATION WITH REGARD TO EMPLOYMENT OF ATTORNEYS

The undersigned hereby declares under penalty of perjury:

1. I am a partner with the law firm of Taylor English Duma LLP, with offices at 1600 Parkwood Circle SE, Suite 200, Atlanta, Georgia 30339 (the "**Firm**").

2. The Firm has been asked to act as special counsel for Tiffany E. Caron, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of Master Lending Group, LLC ("**Debtor**"). To the best of my knowledge, and after an initial review, the Firm has no professional, business, or other connection with the aforementioned Debtor, Debtor's creditors, or any party in interest in this case, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, other than possible professional or social relationships. The Firm will continue to review this matter for conflicts and amend this verification accordingly as needed. Thus, it appears the Firm represents no interest which would be adverse to the estate of Debtor in connection with the matters upon which the Firm is to be engaged.

3. The Firm will not expect or receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing based on the hourly rates set forth in the subject Application for Appointment as Special Counsel, which may be increased from time to time in the normal course of business.

Dated this 14th day of July, 2023.

By: _____
Natalie Rowland
State Bar No. 431608

SWORN TO AND SUBSCRIBED before me this 14th day of July, 2023.

_____
Pamela E. Bicknell
Notary Public
My commission expires: January 18, 2026



{02612042-1 }

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing *Trustee's Amended Application for Appointment of Special Counsel* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of the United States Trustee
33 Bull Street
Suite 400
Savannah, GA 31401

Neil C. Gordon
Taylor English Duma LLP
1600 Parkwood Circle, SE
Suite 200
Atlanta, GA 30339

Judson C. Hill
Gastin & Hill
1020 Drayton Street
Suite 201
Savannah, GA 31401

Master Lending Group, LLC
308 Megan Court
Savannah, GA 31405

And

All creditors and parties in interest receiving electronic notice through the Court's CM/ECF Filing System.

This 17th day of July, 2023.

                                              */s/ Tiffany E. Caron*
                                              Tiffany E. Caron