## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| **MASTER LENDING GROUP, LLC** | : | |
| | : | |
| | : | **CHAPTER 7** |
| **Debtor,** | : | **CASE NO.: 4:23-BK-40569-EJC** |
| | : | |

---

## GREGORY HIRSCH'S MOTION TO QUASH THE NON-PARTY SUBPOENA OF UNITED STATES TRUSTEE

---

COMES NOW Gregory Hirsch ("Hirsch"), a non-debtor to the above captioned matter, and files this Motion to Quash (the "Motion") Assistant United States Trustee Matthew E. Mills' (the "Trustee") subpoena (the "Subpoena") to non-party Truist Bank ("Truist"). In support of the Motion, Hirsch presents the following:

### FACTS:

1.

Master Lending Group, LLC ("MLG") is a private investment group that was formed in 2005. (Affidavit of Judith D. Hirsch, attached hereto as Exh. 1 ("Aff. of Judy Hirsch"), ¶ 6).

2.

Hirsch is the owner of MLG. (Doc. 1, p.3; Aff. of Judy Hirsch, ¶ 7).

3.

Hirsch suffers from advanced stages of amyotrophic lateral sclerosis ("ALS"). (Aff. of Judy Hirsch, ¶ 3).

1

4.

Hirsch is currently unable to communicate and is unresponsive. (Aff. of Judy Hirsch, ¶ 4).

5.

On November 8, 2022, Hirsch executed a durable power of attorney designating his wife, Judith D. Hirsch ("J. Hirsch"), as his power of attorney in the event that he is unable to act for himself (the "POA"). (Aff. of Judy Hirsch, ¶ 5. The POA became effective immediately. Aff. of Judy Hirsch, ¶ 5).

6.

On July 6, 2023, MLG filed a voluntary chapter seven bankruptcy petition with this Court (the "Petition"), case number 23-40569. (Aff. of Judy Hirsch, ¶ 9). The Petition was executed by J. Hirsch via the POA held by J. Hirsch. (Doc. 1, p. 5; Aff. of Judy Hirsch, ¶ 9).

7.

The Petition lists only MGL as the debtor, not Hirsch as the owner of MGL, Hirsch in his individual capacity, or Hirsch under any other title or capacity. (*See* Doc. 1; Aff. of Judy Hirsch, ¶ 9).

8.

On July 13, 2023, the Trustee sent a subpoena (the "Subpoena") requesting that Truist product certain records of Hirsch.[1] (Aff. of Judy Hirsch, ¶ 12). A true and accurate copy of the

---

[1] J. Hirsch accepted service of the Subpoena on July 20, 2023 as designated agent of Hirsch. As counsel for Mr. Hirsch was just recently obtained, the Trustee agreed that the time to respond to the Subpoena would be August 3, 2023.

Subpoena is attached to Affidavit of Judy Hirsch as Exhibit A. The Subpoena specifically requested the following:

(1) ALL BANK STATEMENTS, DEPOSIT SLIPS, CANCELLED CHECKS AND SIGNATURE CARDS FOR ANY ACCOUNT OVER WHICH GREGORY HIRSCH HAS OR HAD SIGNATORY AUTHORITY (2) ALL CREDIT CARD STATEMENTS FOR ACCOUNTS ON WHICH GREGORY HIRSCH WAS AN AUTHORIZED USER, (3) ANY PERSONAL FINANCIAL STATEMENTS OR LOAN APPLICATIONS SUBMITTED BY GREGORY HIRSCH FOR JANUARY 1, 2015 – JUNE 30, 2023

9.

The Subpoena noted that it was being sent pursuant to the Right to Financial Privacy Act (the "RFPA"), specifically 12 U.S.C. § 3407 (judicial subpoenas). (Exh. A, p. 6). The Subpoena added that Truist's customer would have fourteen days from the date of issuance in which to object to the Subpoena.

10.

If no objection was filed by the deadline, the Trustee informed Truist that "my office will provide you with a certificate of compliance stating compliance with [the] RFPA has been satisfied and the customer has not filed an objection/motion to quash." (Exh. A, p. 1).

11.

Hirsch, in his personal capacity, is a customer of Truist. (Aff. of Judy Hirsch, ¶ 13).

12.

Hirsch, in his personal capacity, has, and has had, signature authority over accounts that are at Truist. (Aff. of Judy Hirsch, ¶ 13).

3

13.

Based on J. Hirsch's best information and belief, Hirsch was added to existing accounts at Truist that are owned by his mother, Marcia Hirsch, as a convenience to assist his mother in managing her financial affairs if such assistance was needed. (Aff. of Judy Hirsch, ¶ 14).

14.

Based on J. Hirsch's best information and belief, Hirsch, in his personal capacity, may also have provided personal financial statements and loan applications to Truist over a long period of time, and some of these documents were probably provided before MLG was formed. (Aff. of Judy Hirsch, ¶ 16).

15.

Truist will have documents and records regarding Hirsch's personal financial data, that may be responsive to the Subpoena as is. (Aff. of Judy Hirsch, ¶ 17).

16.

Hirsch is not listed as a debtor nor a party to the Petition in his personal and individual capacity. (Aff. of Judy Hirsch, ¶ 11).

17.

Accordingly, although Truist will have documents and records that may be responsive to the Subpoena, such documents are not relevant to the Petition. (Aff. of Judy Hirsch, ¶ 17).

## DISCUSSION:

Hirsch, respectfully, moves the Court to squash the Subpoena as it not authorized by law, and outside the scope of the RFPA. The Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401–3422 (the "RFPA") was enacted by Congress to: (1) permit challenges by customers of financial institutions to government subpoenas and (2) operate as a mechanism for the government

4

to obtain financial banking information. *Jerry T. O'Brien. Inc.*, 467 U.S. at 745 & n.15; 12 U.S.C. § 3410(a); *United States v. Wasserman*, 8:20-CR-207-T-36JSS, 2021 WL 4553204, at \*2 (M.D. Fla. Oct. 5, 2021). The RFPA establishes specific procedures that a "Government authority" must follow when seeking to subpoena financial records from financial institutions. 12 U.S.C. § 3403(b). A Government authority may obtain financial records pursuant to a judicial subpoena, § 3407, only if:

> (1) such subpoena is authorized by law and there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry;
> (2) a copy of the subpoena has been served upon the customer or mailed to his last known address on or before the date on which the subpoena was served on the financial institution together with the following notice which shall state with reasonable specificity the nature of the law enforcement inquiry [. . . .]

§ 3407. Stated differently, to obtain disclosure pursuant to a judicial subpoena, the government must show: (1) the subpoena is authorized by law; (2) the subpoena is issued in the course of a legitimate law enforcement inquiry; (3) there is reason to believe that the records sought are relevant to the inquiry; and (4) the customer has been notified pursuant to Section 3407(2) and has either failed to institute a customer challenge pursuant to 12 U.S.C.A. § 3410 or such a challenge has been filed and rejected by the court. § 3407; § 9:14. Judicial subpoena, 2 Banking Crimes § 9:14.

Banking customers have remedies in which to object to subpoenas that attempt to seek their financial records and documents. The RFPA provides "the sole judicial remedy ... to oppose disclosure of financial records." 12 U.S.C. § 3410(e). Under the RFPA, a customer may file a motion to quash a subpoena for bank records "[w]ithin ten days of service or within fourteen days of mailing of a subpoena, summons, or formal written request." 12 U.S.C. § 3410(a). The motion

must include a sworn statement stating (1) that the movant is a customer of the financial institution from which the records are being sought and (2) the customer's "reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the [RFPA]." 12 U.S.C. § 3410(a)(1)–(2); *Wasserman*, 2021 WL 4553204, at \*3.

In addition to the requirements of § 3407, 12 U.S.C. § 1310 provides three grounds on which a subpoena can be quashed under the RFPA: "(1) the agency's inquiry [was] not a legitimate law enforcement inquiry; (2) the records requested [were] not relevant to the agency's inquiry; or (3) the agency [did] not substantially compl[y] with the RFPA." *Stehn v. U.S. Dep't of Defense*, No. 7:12-mc-1 (HL), 2012 WL 3860562, at \*2 (M.D. Ga. Sept. 5, 2012) (quoting *Sandsend Fin. Consultants v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989)); *Love v. Dep't of Def.*, 4:22-MC-1-CDL-MSH, 2023 WL 3474330, at \*4 (M.D. Ga. Apr. 6, 2023), *report and recommendation adopted*, 4:22-MC-1 (CDL), 2023 WL 3457868 (M.D. Ga. May 15, 2023).

Hirsch's specific objections to the Subpoena are discussed below.

a. The Subpoena is not authorized by law:

The Trustee's Subpoena should be quashed as the Trustee cannot establish that it is authorized by law. Federal Rule 45 and Federal Bankruptcy Rules 9002(1), 9016, and 2004 govern subpoena powers in bankruptcy cases. *In re Patel*, 16-65074-LRC, 2017 WL 377943, at \*2 (Bankr. N.D. Ga. Jan. 26, 2017). Rule 9016 provides that Federal Rule 45 applies in "cases under the Code[,]", and Federal Rule 45, in turn, permits a "party" to obtain a subpoena commanding the production of documents. Fed. R. Bankr. P. 9016; Fed. R. Civ. P. 45(a)(1)(C); 45(a)(3). Federal Rule 45(a)(2) requires that an "action" be pending in order for a subpoena to be issued. Fed. R. Civ. Pro 45; *see Application of Royal Bank of Canada*, 33 F.R.D. 296 (1963); *In re Patel*, 16-

65074-LRC, 2017 WL 377943, at *2. In *In re Patel*, the bankruptcy court reviewed whether subpoenas pursuant to Federal Rule 45 and Bankruptcy Rules 9002(1), 9016, and 2004 were proper. The court in *In re Patel* noted that Rule 9002(1) defines the word "action" to mean "an adversary proceeding or, when appropriate, a contested petition, or proceedings to vacate an order for relief or to determine any other contested matter." Fed. R. Bankr. P. 9002(1); *In re Patel*, 2017 WL 377943, at *2. Thus, the court held that a subpoena must issue from the court where the adversary proceeding, contested petition, or proceedings to vacate an order for relief or to determine any other contested matter is pending. *Id.* Where there is no "action", no subpoena can be issued.

There is one exception to the action requirement to obtain a subpoena – Fed. R. Bankr. P. 2004. When no actions are yet pending in a bankruptcy case, Rule 2004 provides a discovery tool for parties in interest to gather information from "any entity" about the "acts, conduct, or property" or the "liabilities and financial condition of the debtor," or regarding the "administration of the debtor's estate" or the "debtor's right to a discharge." Fed. R. Bankr. P. 2004(a). Even in the absence of an adversary proceeding or contested matter, a party in interest may move the Court for an examination and, pursuant to Rule 2004(c), such party in interest may compel the attendance and production of documents as provided in Rule 9016 (*i.e.*, through Federal Rule 45). Fed. R. Bankr. P. 2004(c).

Accordingly, pursuant to Federal Rule 45 and Rules 9002(1), 9016, and 2004, to obtain a subpoena for production of documents, a party in interest must either be a party to an adversary proceeding, contested petition, or contested matter, or, when there is no litigation pending, have obtained a Rule 2004 order. *In re Patel*, 2017 WL 377943, at *2. Ultimately, the court in *In re Patel* granted the motion to quash the subject subpoenas as there was no action pending nor had

7

the party seeking the discovery sought and obtained relief from the Court regarding a Rule 2004 examination. *Id.*

This procedural requirement does not prejudice the Trustee. If the requested information is not property of the estate, the trustee can request the court order, after notice and a hearing, the holder to turnover "books, documents, records, and papers, relating to the debtor's property or financial affairs" to the trustee. 11 U.S.C. § 542(e). Alternatively, the trustee can simply file a motion for a Rule 2004 examination and, in most cases, obtain an order within a number of days authorizing the examination of the debtor and other entities, including the production of documents. Regarding alleged prejudice, the court in *Patel* held that "no great prejudice that will result from following this established practice. Rather, requiring a motion for Rule 2004 examination provides a relatively expeditious process, while still allowing for sufficient oversight by the Court as to discovery when litigation has not yet been commenced." *In re Patel*, 16-65074-LRC, 2017 WL 377943, at *5.

Here, the Subpoena is premature and is not authorized by law. Similar to the facts of *In re Patel,* as there is no pending "action". The Petition was filed on July 6, 2023 (Doc. 1), and the Petition is not an adversary proceeding, contested petition, or proceedings to vacate an order for relief or to determine any other contested matter is pending. The Petition is a voluntary chapter 7 petition. (Doc. 1). Additionally, no party, including the Trustee, has used Rule 2004 to move the Court to provide for an examination of debtor, must less Hirsch. As there is no action, and no relief pursuant to Rule 2004 has been provided, the Subpoena is not authorized by law. The Subpoena should be quashed.

b. The Subpoena is not a legitimate inquiry nor is it relevant:

Even if the Subpoena was authorized by law, the Subpoena is not a legitimate law enforcement inquiry nor is it relevant to the Petition. The Subpoena notes that the purpose of the request is an "investigation of the finances of the account holder in connection with the bankruptcy case [. . . .]" (Exh. A, p. 6.) Hirsch, however, is not the debtor that is the subject of the Petition – only MLG is the debtor listed in the Petition. (*See* Doc. 1). An individual is not the same as a company, and Hirsch is not liable or responsible for any debts, obligations, or liability of MLG. *See* O.C.G.A. § 14-11-303(a) ("A person who is a member, manager, agent, or employee of a limited liability company is not liable, solely by reason of being a member, manager, agent, or employee of the limited liability company ... for a debt, obligation, or liability of the limited liability company."). To the extent that the Subpoena seeks Hirsch's personal bank accounts and financial information from Truist, such information is separate and apart from MLG and is not relevant to the Petition. This is further confirmed by the fact that the only Truist bank account listed on the Petition is a Truist account of MLG, not any personal Hirsch bank accounts. (Doc. 31, p. 1, *amended schedule A/B*).

Furthermore, the Subpoena is too broad to be relevant to the inquiry. The Subpoena does not reference or limit the Subpoena to any specific time period for requests one (all statements, etc. of which Hirsch has or had signatory authority and two (all credit card statements for accounts Hirsch had signatory authority). (Exh. A, p. 2. MLG), however, was not formed as a Georgia limited liability company until 2005. Without any time restrictions, the Subpoena will illicit information prior to 2005 that is purely personal and sensitive to Hirsch, and that has no relation or relevancy to MLG. At a minimum, the Subpoena should be modified regarding the time period of documents it seeks.

Hirsch agrees, however, that any MLG accounts, information, documents, or records that are at Truist, of which Hirsch has or had signatory authority or was a authorized user, would be responsive and relevant to the Subpoena. Hirsch does not object to these documents being produced to Truist. Hirsch only requests that he be provided a copy of said documents.

## CONCLUSION:

In summary, the Subpoena is not authorized by law since the Petition is not an action, and no relief, pursuant to Rule 2004, has been granted to permit discovery. Additionally, the Subpoena is not relevant to a legitimate law enforcement inquiry as Hirsch is not the Debtor nor is he part of the Petition. Accordingly, the Subpoena should be quashed to the extent it seeks Hirsch's personal and confidential information from Truist. Hirsch, however, does agree that the Subpoena should be modified to permit information and documents from Truist that are directly in the name of MLG, but limit the time from to everything from 2005– the year MLG was formed – forward.

This 3rd day of August, 2023.

/s/ S. Elizabeth Hall_____
S. ELIZABETH HALL
Georgia Bar No. 141718
JAMES F. BANTER
Georgia Bar No. 581797


JAMES-BATES-BRANNAN-GROOVER-LLP
231 Riverside Drive, Suite 100
P. O. Box 4283
Macon, GA  31208-4283
ehall@jamesbatesllp.com
jbanter@jamesbatesllp.com
Telephone:  478-742-4280
Facsimile:  478-742-8720

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MASTER LENDING GROUP, LLC | : | |
| | : | |
| | : | **CHAPTER 7** |
| Debtor, | : | **CASE NO.: 4:23-BK-40569-EJC** |
| | : | |

### AFFIDAVIT OF JUDITH D. HIRSCH

Personally appeared before the undersigned officer, duly authorized by law to administer oaths, Judith D. Hirsch, who, being duly sworn, deposes and states as follows:

1.

My name is Judith D. Hirsch, I am over the age of twenty-one (21) years, suffer from no legal disability, and am otherwise competent to give this Affidavit.

2.

I am the spouse of Gregory Hirsch. We have been married for thirty-four (34) years.

3.

My husband, Gregory Hirsch ("Hirsch"), suffers from advanced stages of amyotrophic lateral sclerosis ("ALS")

4.

Hirsch is currently unable to communicate and is unresponsive.

5.

On November 8, 2022, Hirsch executed a durable power of attorney designating me, Judith D. Hirsch, as his power of attorney in the event that he is unable to act for himself (the "POA"). The POA became effective immediately.



6.

Master Lending Group, LLC ("MLG") is a private investment group. I recently became aware that it was formed in 2005.

7.

Hirsch is the owner of MLG.

8.

I never worked for MLG and have never been in the operations or management of MLG.

9.

On July 6, 2023, MLG filed a voluntary chapter seven bankruptcy petition with this Court (the "Petition"), case number 23-40569. I executed the Petition on behalf of Hirsch with the POA I hold for Hirsch. (Doc. 1, p. 5).

10.

The Petition lists only MGL as the debtor.

11.

Hirsch is not listed as a debtor or party in the Petition in his individual or personal capacity, or in any other capacity.

12.

The Trustee sent a Subpoena dated July 13, 2023 to Truist Bank ("Truist") seeking Hirsch's personal financial records. A true and accurate copy of the Subpoena is attached as **Exhibit A.**

13.

Hirsch, in his personal capacity, is a customer of Truist.

14.

Based on my best information and belief, Hirsch's name was added to existing accounts owned by his mother Marcia Hirsch at Truist (ending in 5880 and 8159) as a convenience so he could assist his mother in managing her financial affairs if such assistance was needed.

15.

Hirsch, in his personal capacity, has, and has had, signature authority over his personal accounts of Truist and his mother's accounts at Truist.

16.

Based on my best information and belief, Hirsch, in his personal capacity, may have also provided personal financial statements and loan applications to Truist over a long period of time, and some of these documents were probably provided to Truist before MLG was formed.

17.

Based on my best information and belief, Truist has documents and records regarding Hirsch's personal financial data and his mother's personal financial data, that may be responsive to the Subpoena.

[SIGNATURE ON FOLLOWING PAGE]

Judith D. Hirsch

Sworn to and subscribed before me
this 2ND day of August, 2023

_____ [Seal]
Notary

My commission expires: 1|13|27

4



**U.S. Department of Justice**

Office of the United States Trustee

_33 Bull Street, Suite 400_      TEL (912) 652-4112
_Savannah, Georgia 31401_      FAX (912) 652-4123

TO:      Truist Bank

FROM:      Matthew E. Mills, Assistant U.S. Trustee

DATE:      July 13, 2023

RE:      Master Lending Group, LLC
         Chapter 7 Case No. 23-40569-EJC

Dear Truist:

Attached please find a subpoena for the production of records in connection with the above-referenced chapter 7 bankruptcy case. The subpoena directs Truist to produce the following:

**(1) ALL BANK STATEMENTS, DEPOSIT SLIPS, CANCELLED CHECKS AND SIGNATURE CARDS FOR ANY ACCOUNT OVER WHICH GREGORY HIRSCH HAS OR HAD SIGNATORY AUTHORITY (2) ALL CREDIT CARD STATEMENTS FOR ACCOUNTS ON WHICH GREGORY HIRSCH WAS AN AUTHORIZED USER, (3) ANY PERSONAL FINANCIAL STATEMENTS OR LOAN APPLICATIONS SUBMITTED BY GREGORY HIRSCH FOR JANUARY 1, 2015 – JUNE 30, 2023**

Gregory Hirsch is an individual person and has <u>not</u> signed a consent authorization. As required by the Right to Financial Privacy Act (RFPA), my office provided the bankruptcy attorney, as well as Mr. Hirsch and Mrs. Hirsch, with copies of the following: (1) subpoena, (2) attachments including a statement describing the purpose of the subpoena, a sample motion to quash or enjoin subpoena, and sworn statement form under §3407(2).

Please note the deadline for your customer to object to the subpoena is fourteen (14) days from the date of issuance (7/13/23), so the deadline is July 27, 2023. If the customer does not object within the deadline, my office will provide you with a certificate of compliance stating compliance with RFPA has been satisfied and the customer has not filed an objection/motion to quash.

If you have any questions or concerns, please call my direct line at (912) 652-4117 or my cell phone at (912) 484-2044. Thank you and I appreciate your cooperation.

Sincerely,

By: /s/  Matthew E. Mills
     Matthew E. Mills
     Assistant United States Trustee

Attachments



B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA

**In re   Master Lending, Group, LLC**

Debtor

Case No. 23-40569-EJC

Chapter 7

*(Complete if issued in an adversary proceeding)*

Plaintiff

Adv. Proc. No.

v.

Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  **Truist**

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following  documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the  material: **(1) ALL BANK STATEMENTS, DEPOSIT SLIPS, CANCELLED CHECKS AND SIGNATURE CARDS FOR ANY ACCOUNT OVER WHICH GREGORY HIRSCH HAS OR HAD SIGNATORY AUTHORITY (2) ALL CREDIT CARD STATEMENTS FOR ACCOUNTS ON WHICH GREGORY HIRSCH WAS AN AUTHORIZED USER, (3) ANY PERSONAL FINANCIAL STATEMENTS OR LOAN APPLICATIONS SUBMITTED BY GREGORY HIRSCH FOR JANUARY 1, 2015 – JUNE 30, 2023**

| PLACE:  **Office of the U.S. Trustee, ATTN:  Matthew E. Mills, 2 East 33 Bull Street, Suite 400, Savannah, GA  31401** | DATE AND TIME: **August 15, 2023** |
|---|---|

☐ *Inspection of Premises:*  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party  may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are  attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a  subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not  doing so.

Date: 7/13/23

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing the **U.S. TRUSTEE**, who issues or requests this subpoena, are:  **Matthew E. Mills, 33 Bull Street, Suite 400, Savannah, GA 31401; TEL: (912) 652-4112 Matthew.E.Mills@usdoj.gov and L. Hayley Glisson Lauren.H.Glisson@usdoj.gov**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by presenting a copy in person at the address as follows:  **Truist, 33 Bull Street, Savannah, GA**

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $_____ .

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

Matthew E. Mills, AUST/Attorney for the United States Trustee
*Printed name and title*

33 Bull Street, Suite 400, Savannah, GA  31401
*Server's address*

Additional information concerning attempted service, etc.:

**Gregory M. Hirsch   SSN: XXX-XX-3830**

If you need additional information to process this subpoena, please contact the U.S. Trustee's office at 912-652-4112.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 4)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## STATEMENT OF CUSTOMER RIGHTS
## UNDER THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978

Federal law protects the privacy of your financial records. Before banks, savings and loan associations, credit unions, credit card issuers or other financial institutions may give financial information about you to a Federal agency, certain procedures must be followed.

### Consent to Financial Records

You may be asked to consent to make your financial records available to the Government. You may withhold your consent, and your consent is not required as a condition of doing business with any financial institution. If you give your consent, it can be revoked in writing at any time before your records are disclosed. Furthermore, any consent you give is effective for only three months, and your financial institution must keep a record of the instances in which it discloses your financial information.

### Without Your Consent

Without your consent, a Federal agency that wants to see your financial records may do so ordinarily only by means of a lawful subpoena, summons, formal written request, or search warrant for that purpose. Generally, the federal agency must give you advance notice of its request for your records explaining why the information is being sought and telling you how to object in court. The Federal agency must also send you copies of court documents to be prepared by you and instructions for filling them out. While these procedures will be kept as simple as possible, you may want to consult with an attorney before making a challenge to a Federal agency's request.

### Exceptions

In some circumstances, a Federal agency may obtain financial information about you without advance notice or your consent. In most of these cases the Federal agency will be required to go to court to get permission to obtain your records without giving you notice beforehand. In these instances, the court will make the Government show that its investigation and request for your records are proper. When the reason for the delay of notice no longer exists, you will usually be notified that your records were obtained.

### Transfer of Information

Generally, a Federal agency which obtains your financial records is prohibited from transferring them to another Federal agency unless it certifies in writing that the transfer is proper and sends a notice to you that your records have been sent to another agency.

### Penalties

If a Federal agency or financial institution violates the Right To Financial Privacy Act, you may sue for damages or to seek compliance with the law. If you win, you may be repaid your attorney's fees and costs.

## NOTICE UNDER 12 U.S.C. § 3407

Records or information concerning your transactions which are held by the financial institution named in the attached subpoena are being sought by the United States Department of Justice, specifically the Unite States Trustee Program, in accordance with the Right to Financial Privacy Act of 1978 for following purpose: investigation of the finances of the account holder in connection with a bankruptcy case filed in the United States Bankruptcy Court for the Southern District of Georgia.

If you desire that such records or information not be made available, you must:

**1.** Fill out the accompanying motion paper and sworn statement or write one of your own (create a motion based on the attachments), stating that you are the customer whose records are being requested by the Government and either giving the reasons you believe that the records are not relevant to the legitimate law enforcement inquiry stated in this notice or any other legal basis for objecting to the release of the records.

**2.** File the motion and statement by mailing or delivering them to the clerk of the Court.

**3.** Serve the Government authority requesting the records by mailing or delivering a copy of your motion and statement to Matthew E. Mills, Office of U.S. Trustee, 2 East Bryan Street, Suite 725, Savannah, GA 31401.

**4.** Be prepared to come to court and present your position in further detail.

**5.** You do not need to have a lawyer, although you may wish to employ one to represent you and protect your rights.

If you do not follow the above procedures, upon the expiration of ten (10) days from the date of service or fourteen (14) days from the date of mailing of this notice, the records or information requested therein will be made available. These records may be transferred to other government authorities for legitimate law enforcement inquiries, in which event you will be notified after the transfer.

Westlaw.

FEDPROF § 14:326
6 Fed. Proc. Forms § 14:326

Page 1

Federal Procedural Forms
Database updated June 2014

Chapter
14. Consumer Credit Protection
VI. Proceedings to Protect Financial Privacy
B. Procedural Forms

Summary Correlation Table References

§ 14:326. Motion and notice—By customer of national bank—To quash subpoena for financial records of bank [12 U.S.C.A. § 3410]

UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF _____

_____ DIVISION

_____

Plaintiff,

v

_____

Defendant.

Civil Action, File No _____

MOTION

_____ [Name] moves to quash the subpoena to produce financial records of _____ [name of bank], which was issued by this court on behalf of _____ [name of government authority] on _____ [date]. This motion is made on the grounds that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by _____ [government authority] in its notice, as appears more clearly in the affidavit of _____ [name of customer], which is attached to this motion as Exhibit _____.

Dated: _____

[Signature and address]

[Attach affidavit; see § 14:327]

Notice of Motion

To:
                        _____, Attorney for _____ [government
                        authority]

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

FEDPROF § 14:326
6 Fed. Proc. Forms § 14:326

_____ *[Address]*

Please take notice that on _____ *[date]*, at _____ *[time]*, or as soon thereafter as counsel can be heard, in Room _____, United States Court House, _____ *[address]*, the undersigned will bring the above motion on for hearing.

Dated: _____

[Signature and address]

**Notes**

**Notes On Use**

12 U.S.C.A. § 3410(a) provides that a motion to quash must be filed within 10 days of service or within 14 days of mailing of the subpoena.

**A.L.R. Library**

Construction and Application of Right to Financial Privacy Act of 1978 (12 U.S.C.A. §§ 3401 et seq.), 112 A.L.R. Fed. 295.

**Treatises and Practice Aids**

Right to Financial Privacy Act proceedings. Federal Procedure, L. Ed. §§ 15:97 to 15:107.

Westlaw. © 2014 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

FEDPROF § 14:326

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw

FEDPROF § 14:327
6 Fed. Proc. Forms § 14:327

Federal Procedural Forms
Database updated June 2014

Chapter
14. Consumer Credit Protection
VI. Proceedings to Protect Financial Privacy
B. Procedural Forms

Summary Correlation Table References

**§ 14:327. Affidavit—By customer of national bank—In support of motion to quash subpoena for records of bank [12 U.S.C.A. § 3410]**

[Caption, see § 14:326]

## AFFIDAVIT

STATE OF _____

ss.

County of _____

_____ *[Name]*, being duly sworn, says that:

1. _____ *[He or She]* is a customer of _____ *[name of bank]*.

2. The subpoena issued on behalf of _____ *[government authority]* by this court in the above-entitled action requiring _____ *[name of bank]* to produce financial records was served on _____ *[name of bank]* on _____ *[date]*.

3. The financial records sought by _____ *[government authority]* include: _____ *[specify]*.

4. These financial records pertain to the affiant in that _____ *[specify]*.

5. These financial records are not relevant to the legitimate law enforcement inquiry of _____ *[government authority]* in that: _____ *[specify]*.

[Signature]

Subscribed and sworn to before me on _____ *[date]*.

[Signature and title]

Notes

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

FEDPROF § 14:327
6 Fed. Proc. Forms § 14:327

(See also notes in § 14:326).

**Commentary**

According to 12 U.S.C.A. § 3410(a)(2), an applicant's affidavit or sworn statement in support of the motion to quash must state the applicant's reasons for believing either that the financial records sought are not relevant to a legitimate law enforcement inquiry or that there has not been substantial compliance with the provisions of the Right to Financial Privacy Act of 1978 (12 U.S.C.A. §§ 3401 et seq.).
Westlaw. © 2014 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

FEDPROF § 14:327

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov, Works.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing ***GREGORY HIRSCH'S***

***MOTION TO QUASH THE NON-PARTY SUBPOENA OF UNITED STATES TRUSTEE***

through the Court's CM/ECF System which will send email notifications to all counsel of record

and have emailed a copy of the motion to:

Matthew E. Mills
Office of the U.S. Trustee
33 Bull Street
Suite 400
Savannah, GA 31401
Matthew.E.Mills@usdoj.gov

This 3rd day of August, 2023.

/s/ S. Elizabeth Hall
S. ELIZABETH HALL
Georgia Bar No. 141718
JAMES F. BANTER
Georgia Bar No. 581797

JAMES-BATES-BRANNAN-GROOVER-LLP
231 Riverside Drive, Suite 100
P. O. Box 4283
Macon, GA 31208-4283
ehall@jamesbatesllp.com
jbanter@jamesbatesllp.com
Telephone: 478-742-4280
Facsimile: 478-742-8720

11

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing ***GREGORY HIRSCH'S***

***MOTION TO QUASH THE NON-PARTY SUBPOENA OF UNITED STATES TRUSTEE***

through the Court's CM/ECF System which will send email notifications to all counsel of record

and have emailed a copy of the motion to:

Matthew E. Mills
Office of the U.S. Trustee
33 Bull Street
Suite 400
Savannah, GA 31401
Matthew.E.Mills@usdoj.gov

This 3rd day of August, 2023.

/s/ S. Elizabeth Hall
S. ELIZABETH HALL
Georgia Bar No. 141718
JAMES F. BANTER
Georgia Bar No. 581797

JAMES-BATES-BRANNAN-GROOVER-LLP
231 Riverside Drive, Suite 100
P. O. Box 4283
Macon, GA 31208-4283
ehall@jamesbatesllp.com
jbanter@jamesbatesllp.com
Telephone: 478-742-4280
Facsimile: 478-742-8720