**IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF GEORGIA SAVANNAH DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| MASTER LENDING GROUP, LLC, | ) | |
| | ) | Number 23-40569-EJC |
| *Debtor.* | ) | |

**ORDER GRANTING APPLICATION TO EMPLOY SPECIAL COUNSEL**

Before the Court is the Second Amended Application for Appointment of Special Counsel (dckt. 44) filed by Tiffany E. Caron, the Chapter 7 Trustee in this case. The Debtor, Master Lending Group, LLC, filed its Chapter 7 petition on July 6, 2023. (Dckt. 1). Its initial schedules reflected $6,070,100.00 in assets, $42,966.950.00 in liabilities, and 130 unsecured creditors. (Dckt. 1, pp. 12, 32-33). On July 10, 2023, the Chapter 7 Trustee filed an application to employ herself as counsel (dckt. 10, amended at dckt. 36), which the Court granted. (Dckt. 42). On July 13, 2023, the Trustee filed an application to employ the law firm of Taylor English Duma LLP as special counsel. (Dckt. 17, amended at dckt. 30 & 44). Specifically, the Trustee seeks to employ attorneys Neil C. Gordon, John K. Rezac, Jason L. Pettie, and Natalie Rowland, as well as paralegals Pamela E. Bicknell and Angela G. Ford (collectively, "Proposed Special Counsel"). (Dckt. 44, p. 2, ¶ 3). The

current hourly billing rates of the attorneys and paralegals are set forth in the application, though the Trustee notes that they are subject to change. (Dckt. 44, pp. 1-2, ⁋ 3).

Objections to the application were filed by creditors Alan Lipsitz, Louise M. Howard, and Barbara Aronson. (Dckt. 49, 69, 80). The creditors allege that "the expense associated [with] engaging . . . proposed counsel will have a disproportionate impact on the assets expected to be recovered" and that such employment "is not in the best interests of the unsecured creditors[.]" (Dckt. 49, p. 2, ⁋ 4). A hearing was scheduled for August 10, 2023. (Dckt. 51). At the hearing, the Court heard from the Chapter 7 Trustee, from Neil C. Gordon on behalf of Proposed Special Counsel, and from the creditors' counsel. The Debtor's counsel was also in attendance. After hearing argument from counsel, the Court verbally granted the Trustee's application.

As the Court explained, § 327(a) of the Bankruptcy Code states that "[e]xcept as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys . . . or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). A professional employed under § 327(a) may be awarded "(A) reasonable compensation for actual, necessary services rendered . . . and (B)

reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A)-(B). The reasonableness of requested fees is determined upon consideration of the factors set forth in § 330(a)(3), which codifies the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See In re Village Apothecary Inc.*, 45 F.4th 940, 944-45 (6th Cir. 2022). Further, under § 330(a)(4)(A), the court "shall not allow compensation for—(i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A)(i)-(ii).

Here, based on the representations of counsel at the August 10, 2023 hearing, the Court finds that Proposed Special Counsel are disinterested as defined in § 101(14). Accordingly, the Court finds that the requirements of § 327(a) are satisfied. Because the Court has statutory authority to review for reasonableness any fees requested by Proposed Special Counsel, the Court overrules the creditors' objections to the application. Therefore, the Court hereby **GRANTS** the Chapter 7 Trustee's Second Amended Application for Appointment of Special Counsel. (Dckt. 44). It is hereby **ORDERED** that under § 327(a) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Trustee is authorized to employ Proposed Special Counsel during her period of service as Trustee in this case. It is further **ORDERED** that compensation shall be paid to Proposed Special

Counsel upon notice, hearing, and Court approval under §§ 330 and 331 and Bankruptcy Rule 2016(a) of an appropriately detailed application.

Dated at Savannah, Georgia, this 15th day of August, 2023.

Edward J. Coleman, III, Chief Judge
United States Bankruptcy Court
Southern District of Georgia