United States Bankruptcy Court

Southern District of Georgia

| | |
|---|---|
| In re: | Case No. 23-40569-EJC |
| Master Lending Group, LLC | Chapter 7 |
| Debtor | |

## CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 113J-4 | User: admin | Page 1 of 4 |
| Date Rcvd: Jan 25, 2024 | Form ID: pdf004 | Total Noticed: 5 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 27, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | #+ | Master Lending Group, LLC, 308 Megan Court, Savannah, GA 31405-5956 |
| aty | + | Daniel Weigel, Taylor English Duma LLP, 1600 Parkwood Circle SE, Suite 200, Atlanta, GA 30339-2119 |
| aty | + | Judson C Hill, Gastin & Hill, 1020 Drayton Street, Suite 201, Savannah, GA 31401-6535 |
| intp | + | Hirsch & Company, Thomas J. Ratcliffe, Jr., Executor of the Estate of Gregory Hirsch, 103 North Main Street, Hinesville, GA 31313-3215 |
| intp | + | Judith D Hirsch, 308 Megan Court, Savannah, GA 31405-5956 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Jan 27, 2024 | Signature: | /s/Gustava Winters |

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 25, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Adam Dozier | on behalf of Creditor Susan Brinkley adam@dozierlawpc.com sherrie@dozierlawpc.com;dozier.adamb123246@notify.bestcase.com |
| Adam Dozier | on behalf of Creditor Louis C. Young adam@dozierlawpc.com sherrie@dozierlawpc.com;dozier.adamb123246@notify.bestcase.com |
| Adam Dozier | |

Case:23-40569-EJC Doc#:216 Filed:01/27/24 Entered:01/28/24 00:27:08 Page:2 of 9

| | | |
|---|---|---|
| District/off: 113J-4 | User: admin | Page 2 of 4 |
| Date Rcvd: Jan 25, 2024 | Form ID: pdf004 | Total Noticed: 5 |

    on behalf of Creditor Michael Barr adam@dozierlawpc.com sherrie@dozierlawpc.com;dozier.adamb123246@notify.bestcase.com

Brian F. Hansen
    on behalf of Attorney Howard M. Ehrenberg brian.hansen@gmlaw.com yillian.sarmiento@gmlaw.com

Brian F. Hansen
    on behalf of Attorney Mark S. Horoupian brian.hansen@gmlaw.com yillian.sarmiento@gmlaw.com

Christian J. Steinmetz, III
    on behalf of Creditor James E. Jones cjs@ggsattorneys.com

Christian J. Steinmetz, III
    on behalf of Creditor Cathy Royal cjs@ggsattorneys.com

Christian J. Steinmetz, III
    on behalf of Creditor Vanessa Jones cjs@ggsattorneys.com

Christian J. Steinmetz, III
    on behalf of Creditor Alan Lipsitz cjs@ggsattorneys.com

Christian J. Steinmetz, III
    on behalf of Creditor Danny Kaminsky cjs@ggsattorneys.com

Christian J. Steinmetz, III
    on behalf of Creditor JEJ LLC cjs@ggsattorneys.com

Christian J. Steinmetz, III
    on behalf of Creditor JGJ LLC cjs@ggsattorneys.com

Christian J. Steinmetz, III
    on behalf of Creditor Jones on 17th LLC cjs@ggsattorneys.com

Christian J. Steinmetz, III
    on behalf of Creditor Lisa Kaminsky cjs@ggsattorneys.com

Christian J. Steinmetz, III
    on behalf of Creditor Lisa Gay cjs@ggsattorneys.com

Christian J. Steinmetz, III
    on behalf of Creditor Terri Jones cjs@ggsattorneys.com

Christian J. Steinmetz, III
    on behalf of Creditor Katherine Royal cjs@ggsattorneys.com

Christopher Brent Wardrop
    on behalf of Plaintiff Pruco Life Insurance Company justin.plean@qpwblaw.com

Dana F. Braun
    on behalf of Creditor Marjorie C. Gordon dbraun@epra-law.com

Dana F. Braun
    on behalf of Creditor Klugman Investments dbraun@epra-law.com

Dana F. Braun
    on behalf of Creditor Doris Klugman dbraun@epra-law.com

Dana F. Braun
    on behalf of Creditor Danny Klugman dbraun@epra-law.com

Dana F. Braun
    on behalf of Creditor Murray Klugman dbraun@epra-law.com

Dana F. Braun
    on behalf of Creditor Abe Klugman IRA dbraun@epra-law.com

Daniel C. Jenkins
    on behalf of Creditor Morris Geffen daniel@djenkinslaw.com djenkinslawecf@gmail.com;LawOfficesofDanielCJenkinsLLC@jubileebk.net

David L. Bury, Jr.
    on behalf of Creditor Barbara Aronson dbury@stoneandbaxter.com tnorton@stoneandbaxter.com;lchapman@stoneandbaxter.com;lford@stoneandbaxter.com;amoses@stoneandbaxter.com

Doroteya N Wozniak
    on behalf of Creditor Gregory M Hirsch dwozniak@jamesbatesllp.com bhenderson@jamesbatesllp.com

Ellen Louise Ash
    on behalf of Plaintiff Pruco Life Insurance Company ellen.ash@qpwblaw.com

Howard M. Ehrenberg
    howard.ehrenberg@gmlaw.com denise.walker@gmlaw.com

Case:23-40569-EJC    Doc#:216    Filed:01/27/24    Entered:01/28/24 00:27:08    Page:3 of 9

| | | |
|---|---|---|
| District/off: 113J-4 | User: admin | Page 3 of 4 |
| Date Rcvd: Jan 25, 2024 | Form ID: pdf004 | Total Noticed: 5 |

| | |
|---|---|
| James Coursey, Jr. | on behalf of Creditor Brett Bouy jcoursey@tmahoneylaw.com |
| James Coursey, Jr. | on behalf of Creditor Troy Bouy jcoursey@tmahoneylaw.com |
| James Coursey, Jr. | on behalf of Creditor Francis Bouy Estate of jcoursey@tmahoneylaw.com |
| James Coursey, Jr. | on behalf of Creditor Troy and Francis Bouy jcoursey@tmahoneylaw.com |
| James Coursey, Jr. | on behalf of Creditor Mark Bouy jcoursey@tmahoneylaw.com |
| James F. Banter | on behalf of Creditor Gregory M Hirsch jbanter@jamesbatesllp.com |
| James L. Drake, Jr. | on behalf of Interested Party Workermen's Circle Credit Union jdrake@drakefirmpc.com jamynjul3@aol.com |
| James L. Drake, Jr. | on behalf of Creditor Marcey Dolgoff Alter jdrake@drakefirmpc.com jamynjul3@aol.com |
| Jason L. Pettie | on behalf of Trustee Tiffany E. Caron jpettie@taylorenglish.com |
| Jeremy S. McKenzie | on behalf of Creditor Dale Kaminsky jeremy@kmtrial.com |
| John Anthony Christy | on behalf of Interested Party John Christy jchristy@swfllp.com |
| John K. Rezac | on behalf of Trustee Tiffany E. Caron jrezac@taylorenglish.com |
| Judson C. Hill | on behalf of Attorney Judson C Hill bankruptcy@gastinhill.net hilljr66100@notify.bestcase.com |
| Leon S. Jones | on behalf of Defendant Judith Hirsch ljones@joneswalden.com jwdistribution@joneswalden.com,cmccord@joneswalden.com,lpineyro@joneswalden.com |
| Leon S. Jones | on behalf of Interested Party Judith D Hirsch ljones@joneswalden.com jwdistribution@joneswalden.com,cmccord@joneswalden.com,lpineyro@joneswalden.com |
| Margaret S. Puccini | on behalf of Creditor Louise M. Howard mpuccini@bouhan.com mharper@bouhan.com |
| Mark A. Bandy | on behalf of Creditor Jack Wardlaw bkdocs@markbandylaw.com mark@markbandylaw.com;a.mr77089@notify.bestcase.com;ecf@casedriver.com |
| Mark A. Bandy | on behalf of Creditor Teresa Wardlaw bkdocs@markbandylaw.com mark@markbandylaw.com;a.mr77089@notify.bestcase.com;ecf@casedriver.com |
| Mark A. Bandy | on behalf of Creditor Jerry Wardlaw bkdocs@markbandylaw.com mark@markbandylaw.com;a.mr77089@notify.bestcase.com;ecf@casedriver.com |
| Mark S. Horoupian | mark.horoupian@gmlaw.com cheryl.caldwell@gmlaw.com |
| Matthew E. Mills | on behalf of U. S. Trustee Office of the U. S. Trustee ustpregion21.sv.ecf@usdoj.gov |
| Natalie Rowland | on behalf of Trustee Tiffany E. Caron nrowland@taylorenglish.com |
| Natalie Rowland | on behalf of Plaintiff Tiffany E Caron nrowland@taylorenglish.com |
| Natalie Rowland | on behalf of Defendant Tiffany Caron nrowland@taylorenglish.com |
| Neil C. Gordon, I | on behalf of Trustee Tiffany E. Caron pbicknell@taylorenglish.com aford@taylorenglish.com;ngordon@taylorenglish.com |
| Office of the U. S. Trustee | Ustpregion21.sv.ecf@usdoj.gov |

Case:23-40569-EJC  Doc#:216  Filed:01/27/24  Entered:01/28/24 00:27:08  Page:4 of 9

| | | |
|---|---|---|
| District/off: 113J-4 | User: admin | Page 4 of 4 |
| Date Rcvd: Jan 25, 2024 | Form ID: pdf004 | Total Noticed: 5 |

Robert M. Brennan
    on behalf of Interested Party Hirsh & Tucker  LLC bbrennan@phrd.com

Susan Elizabeth Hall
    on behalf of Creditor Gregory M Hirsch ehall@jamesbatesllp.com  cblizzard@jamesbatesllp.com

Thomas B. Norton
    on behalf of Creditor Barbara Aronson tnorton@stoneandbaxter.com lchapman@stoneandbaxter.com;amoses@stoneandbaxter.com

Tiffany E. Caron
    on behalf of Trustee Tiffany E. Caron tiffany.caron@hotmail.com  tcaron@ecf.epiqsystems.com;ga68@ecfcbis.com

Tiffany E. Caron
    tiffany.caron@hotmail.com  tcaron@ecf.epiqsystems.com;ga68@ecfcbis.com

TOTAL: 60

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) | |
|  | ) | Chapter 7 |
| MASTER LENDING GROUP, LLC, | ) ) | Number 23-40569-EJC |
| *Debtor.* | ) ) ) | |

## ORDER CONTINUING FEE APPLICATION

Before the Court is the Amended Application for Allowance of Compensation (dckt. 189) filed by Judson C. Hill, counsel for Master Lending Group, LLC, the Debtor in this case. On July 6, 2023, the Debtor filed a Chapter 7 petition. (Dckt. 1). The statement of financial affairs filed with the petition listed Gregory M. Hirsch as the Debtor's sole owner. (Dckt. 1, p. 41, ¶ 28). The petition, which identified Mr. Hirsch as the Debtor's authorized representative, was signed on his behalf by his wife Judith Hirsch pursuant to a power of attorney.[1] (Dckt. 1, p. 5, ¶ 17). In the Disclosure of Compensation of Attorney for Debtor(s) (Official Form B2030), Mr.

---

[1] Mr. Hirsch, who suffered from amyotrophic lateral sclerosis, died on August 4, 2023. (Dckt. 103, p. 2, ¶ 4).

Hill stated that he received from Mr. Hirsch a $40,000.00 retainer for his services in the case.[2] (Dckt. 1, p. 43).

On August 24, 2023, Mr. Hill filed an interim fee application seeking compensation in the amount of $32,269.00 and reimbursement of expenses in the amount of $402.00. (Dckt. 108, amended at dckt. 120). The interim fee application drew objections from the United States Trustee and from the Chapter 7 Trustee. (Dckt. 172, 173). Among other things, they alleged that Mr. Hill filed amended schedules[3] in this case without having obtained the wet-ink signature of Mrs. Hirsch or of any other authorized representative of the Debtor, in violation of the Court's

---

[2] On August 16, 2023, Mr. Hill filed an amended disclosure removing the reference to Mr. Hirsch as the source of his compensation. (Dckt. 96). At a hearing on November 8, 2023, Mr. Hill testified that he received an initial check for $40,000.00 written on Mr. Hirsch's personal checking account and "within a matter of days" discovered funds in the Debtor's corporate checking account; he then refunded the $40,000.00 from Mr. Hirsch's account, and Ms. Hirsch wrote a new $40,000.00 check payable from the Debtor's account. (November 8, 2023 Hearing, 6:36 p.m. to 6:37 p.m.). He further testified that he received the second check from the Debtor's account before he filed the bankruptcy petition. (November 8, 2023 Hearing, 6:49 p.m.). In the instant Amended Application for Allowance of Compensation, Mr. Hill states that he received the retainer pre-petition, on June 21, 2023, but he does not specify which check he received on that date. (Dckt. 189, p. 3, ¶ 14) ("Client agrees to pay a $40,000.00 retainer, having paid same to Attorney on 6/21/2023.").

[3] Specifically, Mr. Hill filed amended versions of Schedule A/B on July 17, 2023; July 26, 2023; and August 4, 2023. (Dckt. 31, 46, 71). He also filed amended versions of Schedule E/F on July 11, 2023; July 18, 2023; August 8, 2023; and August 18, 2023. (Dckt. 13, 39, 77, 101). Each of those documents included a Declaration Under Penalty of Perjury for Non-Individual Debtors (Official Form 202) electronically signed "/s/ Gregory M. Hirsch (Via POA held by Judith Hirsch)." On October 23, 2023, Mr. Hill withdrew the three amended versions of Schedule A/B and filed an additional amended version signed by Thomas J. Ratcliffe, the personal representative of Mr. Hirsch's estate. (Dckt. 162, p. 6). At the November 8, 2023 hearing, Mr. Hill testified that he never discussed any of the amended schedules with Ms. Hirsch. (November 8, 2023 Hearing, 6:54 p.m.).

2

General Order No. 2016-2.[4] Mr. Hill's interim fee application was scheduled for hearing on October 10, 2023. (Dckt. 121). At that hearing, the Chapter 7 Trustee represented that the parties wished to continue the matter to November 8, 2023. (Dckt. 153).

Before the November 8, 2023 hearing, Mr. Hill moved to withdraw as Debtor's counsel (dckt. 166) and withdrew his interim fee application. (Dckt. 179, 180). The Court granted Mr. Hill's motion to withdraw from the case on November 16, 2023. (Dckt. 181). On November 21, 2023, Mr. Hill filed the instant fee application seeking compensation in the amount of $22,939.00 and reimbursement of expenses in the amount of $402.00. (Dckt. 185, amended at dckt. 189). The fee application stated that "[a]t the request of the United States Trustee and the Chapter 7 [T]rustee," Mr. Hill "agreed to disgorge to the bankruptcy estate the amount of $6,000.00" as a sanction for his failure to obtain wet-ink signatures before filing amended schedules in this case. (Dckt. 189, p. 4).

---

[4] That General Order states as follows: "An attorney filing a Verified Pleading should thereafter maintain in his or her office the original Verified Pleading in its entirety for at least five (5) years after the conclusion of all appeals or the expiration of time for filing a timely appeal, whichever is later. The filing of a Verified Pleading constitutes a representation by the attorney who files it that the attorney has in his/her possession at the time of filing the fully executed original Verified Pleading and that he/she agrees to maintain it for the five (5) year period set forth above. A pleading or document that a person signs and thereby verifies, certifies, declares, affirms, or swears under oath or penalty of perjury concerning the truth of the matters set forth in that pleading or document is a 'Verified Pleading.'" General Order No. 2016-2 ("Electronic Case Files and Administrative Procedures"), p. 3, ¶ 14.

At a hearing on January 10, 2024 (dckt. 190), the Court announced that the matter would be continued pending the resolution of other matters. Specifically, the Chapter 7 Trustee has requested turnover of Mr. Hill's communications with Ms. Hirsch. (Dckt. 140). Mr. Hill filed a response to that motion stating that those communications were "subject to claims of attorney-client privilege[.]" (Dckt. 157, p. 1). In an October 3, 2023 letter attached as Exhibit "A" to Mr. Hill's response, Leon S. Jones, counsel for Ms. Hirsch, asserted that her communications with Mr. Hill are protected by attorney-client privilege. (Dckt. 157, pp. 3-4). She therefore directed Mr. Hill not to "voluntarily produce any documents or information pertaining to Ms. Hirsch." (Dckt. 157, p. 4). At the November 8, 2023 hearing, the Court heard testimony from Mr. Hill as to the attorney-client privilege issues raised by the Trustee's motion for turnover, Mr. Hill's response, and Mr. Jones' letter. The record, however, remains incomplete, and the Court is not prepared to rule on the motion for turnover at this time. Nor will the Court rule on Mr. Hill's fee application until those issues are resolved.[5] For that reason, the Amended Application for

---

[5] If the Court later finds that Mr. Hill undertook representation of both the Debtor and Ms. Hirsch—a fact not yet proven to the Court's satisfaction—then his fee application may be denied in its entirety as a sanction for that conflict of interest. Section 329(b) of the Bankruptcy Code states that if compensation paid to a debtor's bankruptcy counsel "exceeds the reasonable value" of services provided, the court "may cancel any such agreement, or order the return of any such payment, to the extent excessive[.]" 11 U.S.C. § 329(b). "Courts interpreting this provision have looked beyond the quantity of fees charged and used it to redress other issues with the attorney client relationship." *In re Lantz*, 643 B.R. 614, 624 (Bankr. D. Idaho 2022) (ordering Chapter 7 debtor's attorney to disgorge fees as sanction for conflict of interest in violation of Idaho Rules of Professional Conduct). The Georgia Rules of Professional Conduct state, with certain exceptions,

4

Allowance of Compensation (dckt. 189) is hereby **CONTINUED** indefinitely to a date to be determined by the Court.

Dated at Savannah, Georgia, this 25th day of January, 2024.

Edward J. Coleman, III, Chief Judge
United States Bankruptcy Court
Southern District of Georgia

---

that "[a] lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client[.]" Ga. Rules of Professional Conduct 1.7(a).

5