IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| IN RE:<br><br>**MASTER LENDING GROUP, LLC,**<br><br>**Debtor.** | CHAPTER 7<br><br>CASE NO.  23-40569-EJC |

### AMENDED MOTION FOR PROTECTIVE ORDER AND TO VACATE ORDER FOR EXAMINATION AND PRODUCTION OF DOCUMENTS PURSUANT TO BANKRUPTCY RULE 2004

COMES NOW Judith Hirsch ("**Mrs. Hirsch**"), and hereby files this *Amended Motion for Protective Order and to Vacate Order for Examination and Production of Documents Pursuant to Bankruptcy Rule 2004* (the "**Motion to Vacate**") and respectfully shows the Court as follows:

### STATEMENT OF FACTS

1.  On July 6, 2023, Master Lending Group, LLC ("**Debtor**") filed a petition for relief under Chapter 7 of Title 11, United States Code, 11 U.S.C. §§ 101 et seq. (as amended, modified or supplemented, the "**Bankruptcy Code**") initiating the above styled case (the "**Bankruptcy Case**").

2.  Gregory Hirsch ("**Mr. Hirsch**") was the 100% owner of Debtor. Mr. Hirsch is the now-deceased husband of Mrs. Hirsch.

3.  On or about July 7, 2023, Tiffany E. Caron (the "**Trustee**") was appointed as Chater 7 trustee in this case.

4.  On August 3, 2023, Mr. Hirsch passed away after battling Lou Gehrigs Disease, or ALS.

5.  On September 5, 2023, the Trustee filed a complaint initiating an Adversary Proceeding against Mrs. Hirsch (Adv. Pro. No. 23-04013-EJC) (the "**Trustee's Adversary Proceeding**").

6. In the Trustee's Adversary Proceeding, the Trustee claimed an equitable interest in a life insurance policy (the "**Policy**") issued by Pruco Life Insurance Company ("**Pruco**"). Mrs. Hirsch is the named beneficiary on the Policy.

7. On December 28, 2023, Pruco filed an adversary proceeding against Mrs. Hirsch and the Trustee in which it requested permission to interplead the Policy proceeds into the bankruptcy court (Adv. Pro. No. 23-40569-EJC) (the "**Interpleader Adversary Proceeding**").

8. On January 16, 2023, the Trustee filed a Motion for Examination and Document Production by Judith Hirsch Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (Doc. No. 204) (the "**2004 Motion**") in the Bankruptcy Case.

9. The 2004 Motion requested "authority to examine the Judith Hirsch with respect to the financial affairs of the Debtor." 2004 Motion at ¶ 8. The Trustee also requested the production of documents and information relating to Mrs. Hirsch's financials, tax returns, life insurance policies, and other property. 2004 Motion, Appendix "A".

10. On January 17, 2024, this Court entered an Order for Examination and Production of Documents Pursuant to Bankruptcy Rule 2004 (Doc. No. 206) (the "**Order**") granting the Trustee's 2004 Motion.

11. On January 25, 2024, Mrs. Hirsch filed her *Motion for Protective Order and to Vacate Order for Examination and Production of Documents Pursuant to Bankruptcy Rule 2004* (Doc. No. 212) (the "**Original Motion**").

12. Mrs. Hirsch's Original Motion requested relief from the Order on the basis of the prior proceeding rule because the Trustee's Adversary Proceeding was pending against Mrs. Hirsch.

13. Subsequently, the Trustee filed a *Voluntary Dismissal of Complaint* (A.P. Doc. No. 26), dismissing the Trustee's Adversary Proceeding against Mrs. Hirsch.

14. Despite the dismissal of the Trustee's Adversary Proceeding against Mrs. Hirsch, the "prior proceeding" rule still applies to preclude the examination of Mrs. Hirsch pursuant to Rule 2004 because an adversary proceeding is still pending. Specifically, the Interpleader Adversary Proceeding remains pending. Both Mrs. Hirsch and the Trustee are adverse claimants in the pending Interpleader Adversary Proceeding.

15. Mrs. Hirsch therefore amends and reaffirms her request relief from the Order.

## ARGUMENT AND CITATION OF AUTHORITY

16. Federal Rule of Bankruptcy Procedure 2004 states that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a).

17. An examination under Rule 2004 "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any other matter which may affect the administration of the debtor's estate, or to the debtor's right to discharge." Fed. R. Bankr. P. 2004(b).

18. "As the permissive language of the rule suggests, the Court has the discretion to grant a request for a 2004 examination." In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002). "However, the availability of Rule 2004 as a discovery tool is not unlimited." Id.

19. "Rule 2004 discovery may be precluded if there is a pending proceeding against the discovery target." In re Sanomedics, Inc., No. 16-21659-RAM, 2018 Bankr. LEXIS 2327, at *3 (Bankr. S.D. Fla. June 19, 2018).

20. It is a "well recognized rule that once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004." In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002).

21. "Federal Rule of Civil Procedure 26, governing discovery, is incorporated into adversary proceedings through Federal Rule of Bankruptcy Procedure 7026." Walton v. Applegate

(In re Applegate), Nos. 11-40073, 727, 11-4033, 2012 Bankr. LEXIS 2461, at *7 (Bankr. S.D. Ga. Mar. 23, 2012). "Consequently, in adversary proceedings, Federal Rules of Bankruptcy Procedure 7026 through 7037 supplant the applicability of Rule 2004 by triggering the discovery system found in the Federal Rules of Civil Procedure." Simms v. Deutsche Bank Nat'l Tr. Co. (In re Simms), No. 11-86981-MGD, 2012 Bankr. LEXIS 3264, at *3 (Bankr. N.D. Ga. May 10, 2012).

22.  As shown, Mrs. Hirsch is a Defendant in a pending adversary proceeding, namely, the Interpleader Adversary Proceeding. As set forth in the Interpleader Adversary Proceeding Complaint, Mrs. Hirsch and the Trustee have competing and adverse claims. Mrs. Hirsch should be protected by the discovery rules and system set forth in F.R.B.P. 7026 through 7037 which govern discovery in the Interpleader. Mrs. Hirsch should not be subjected to an examination under Bankruptcy Rule 2004.

23.  "Prohibiting Rule 2004 examinations in adversary proceedings prevents parties from circumventing the procedural safeguards found in the Federal Rules of Civil Procedure." Simms v. Deutsche Bank Nat'l Tr. Co. (In re Simms), No. 11-86981-MGD, 2012 Bankr. LEXIS 3264, at *3 (Bankr. N.D. Ga. May 10, 2012). *See also* In re Wash. Mut., Inc., 408 B.R. 45, 50 (Bankr. D. Del. 2009) ([A] Rule 2004 examination does not provide the same procedural safeguards as Rule 7026).

24.  "For example, under a Fed. R. Bankr. P. 2004 examination, a witness has no general right to representation by counsel, and the right to object to immaterial or improper questions is limited." In re Bennett Funding Grp., Inc., 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996).

25.  "In order to prevent injustice, and to ensure that parties in bankruptcy adversary proceedings have the same rights as parties to a federal suit in a non-bankruptcy context, it is important to ensure that the procedural safeguards of the discovery process provided in Fed. R. Civ. P. 26…are not avoided by permitting a Rule 2004 examination while an adversary proceeding

is pending." 2435 Plainfield Ave. v. Twp. of Scotch Plains (In re 2435 Plainfield Ave.), 223 B.R. 440, 456 (Bankr. D.N.J. 1998).

26.     Thus, in order to afford Mrs. Hirsch the same rights as if the Interpleader Adversary Proceeding were filed in a non-bankruptcy context, it is important to preclude the Trustee's proposed use of a Rule 2004 examination which would avoid the discovery requirements and safeguards in the Interpleader Adversary Proceeding.

27.     "[A] trustee, like a creditor, must look to Fed. R. Bankr. P. 7026 et seq. after an adversary proceeding is commenced for discovery as to both entities affected by the proceeding and issues addressed in the proceeding." In re Bennett Funding Grp., Inc., 203 B.R. 24, 29 (Bankr. N.D.N.Y. 1996).

28.     Mrs. Hirsch is a party to the Interpleader Adversary Proceeding. Therefore, Mrs. Hirsch requires the protections afforded by F.R.C.P. 26 et seq.

**WHEREFORE** Mrs. Hirsch requests that (i) the Order be vacated; (ii) the Court deny the request for documents detailed in Appendix "A" to the 2004 Motion; (iii) the Court deny the request for an examination of Mrs. Hirsch; (iv) to the extent necessary, a hearing be set on the 2004 Motion; and (v) for such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 5th day of February, 2024.

**JONES & WALDEN LLC**

*/s/ Leon S. Jones*
Leon S. Jones
Georgia Bar No. 003980
*Attorney for Judith Hirsch*
699 Piedmont Avenue, NE
Atlanta, GA 30308
(404) 564-9300
ljones@joneswalden.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| IN RE:<br><br>**MASTER LENDING GROUP, LLC,**<br><br>Debtor. | CHAPTER 7<br><br>CASE NO.  23-40569-EJC |

## **CERTIFICATE OF SERVICE**

I certify that on this day I electronically filed the *Amended Motion to Vacate Order for Examination and Production oof Documents Pursuant to Bankruptcy Rule 2004* (the "Motion") using the Bankruptcy Court's ECF program, which sends a notice of and an accompanying link to the Motion to the following parties who have appeared in this case under the Bankruptcy Court's ECF Program:

- **Ellen Louise Ash**    ellen.ash@qpwblaw.com
- **Mark A. Bandy**    bkdocs@markbandylaw.com, mark@markbandylaw.com; a.mr77089@notify.bestcase.com;ecf@casedriver.com
- **James F. Banter**    jbanter@jamesbatesllp.com
- **Dana F. Braun**    dbraun@epra-law.com
- **Robert M. Brennan**    bbrennan@phrd.com
- **David L. Bury**    dbury@stoneandbaxter.com, tnorton@stoneandbaxter.com;lchapman@stoneandbaxter.com;lford@stoneandbaxter.com;amoses@stoneandbaxter.com
- **Tiffany E. Caron**    tiffany.caron@hotmail.com, tcaron@ecf.epiqsystems.com; ga68@ecfcbis.com
- **John Anthony Christy**    jchristy@swfllp.com
- **James Coursey**    jcoursey@tmahoneylaw.com
- **Adam Dozier**    adam@dozierlawpc.com, sherrie@dozierlawpc.com; dozier.adamb123246@notify.bestcase.com
- **James L. Drake**    jdrake@drakefirmpc.com, jamynjul3@aol.com
- **Howard M. Ehrenberg**    howard.ehrenberg@gmlaw.com, denise.walker@gmlaw.com
- **Neil C. Gordon**    pbicknell@taylorenglish.com, aford@taylorenglish.com; ngordon@taylorenglish.com
- **Susan Elizabeth Hall**    ehall@jamesbatesllp.com, cblizzard@jamesbatesllp.com
- **Brian F. Hansen**    brian.hansen@gmlaw.com, yillian.sarmiento@gmlaw.com
- **Judson C. Hill**    bankruptcy@gastinhill.net, hilljr66100@notify.bestcase.com
- **Mark S. Horoupian**    mark.horoupian@gmlaw.com, cheryl.caldwell@gmlaw.com
- **Daniel C. Jenkins**    daniel@djenkinslaw.com, djenkinslawecf@gmail.com; LawOfficesofDanielCJenkinsLLC@jubileebk.net
- **Jeremy S. McKenzie**    jeremy@kmtrial.com
- **Matthew E. Mills**    ustpregion21.sv.ecf@usdoj.gov
- **Thomas B. Norton**    tnorton@stoneandbaxter.com, lchapman@stoneandbaxter.com; amoses@stoneandbaxter.com
- **Office of the U. S. Trustee**    Ustpregion21.sv.ecf@usdoj.gov

- **Jason L. Pettie**   jpettie@taylorenglish.com
- **Margaret S. Puccini**   mpuccini@bouhan.com, mharper@bouhan.com
- **John K. Rezac**   jrezac@taylorenglish.com
- **Natalie Rowland**   nrowland@taylorenglish.com
- **Christian J. Steinmetz**   cjs@ggsattorneys.com
- **Christopher Brent Wardrop**   justin.plean@qpwblaw.com
- **Doroteya N Wozniak**   dwozniak@jamesbatesllp.com, bhenderson@jamesbatesllp.com

This 5th day of February, 2024.

**JONES & WALDEN LLC**

*/s/ Leon S. Jones*
Leon S. Jones
Georgia Bar No. 003980
*Attorney for Judith Hirsch*
699 Piedmont Avenue, NE
Atlanta, GA 30308
(404) 564-9300
ljones@joneswalden.com