IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANAH DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No.: 23-40569-EJC |
| | § | |
| **MASTER LENDING GROUP, LLC,** | § | Chapter 7 |
| | § | |
| **Debtor** | § | |

**CONSENT MOTION FOR ENTRY OF PROTECTIVE ORDER**

COME NOW, Tiffany E. Caron, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Master Lending Group, LLC ("**Debtor**" or "**MLG**"), Thomas J. Ratcliffe, Jr. as Administrator for the Estate of Gregory Hirsch ("**Estate**") and Judith Hirsch (together with the Trustee and the Estate, referred to as the "**Movants**") and file this *Consent Motion for Entry of Protective Order* (the "**Motion**"), seeking the allowance and entry of the Proposed Stipulated Protective Order (the "**Protective Order**") (attached as *Exhibit A* and incorporated herein by reference) by and between the Chapter 7 Trustee of the Estate of Master Lending Group, LLC, the Probate Estate of Gregory M. Hirsch and Judith Hirsch. The Protective Order relates to the production of non-public information requested by the Trustee in the Motions for 2004 Examination of the Probate Estate of Gregory M. Hirsch and Judith Hirsch.

WHEREFORE, Trustee respectfully requests that this Court:

(a)  Enter the Proposed Consent Stipulated Protective Order attached as *Exhibit A*; and

(b)  Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted this 15th day of February, 2024.

| | |
|---|---|
| /s/ Tiffany E. Caron | **JONES & WALDEN LLC** |
| Tiffany E. Caron | |
| Ga. Bar # 745089 | /s/ *Leon S. Jones* |
| *Attorney for Trustee* | Leon S. Jones |
| P.O. Box 711 | Georgia Bar No. 003980 |
| West Palm Beach, FL 33402 | Attorney for Judith Hirsch |
| 404.647.4917 | 699 Piedmont Avenue, NE |

Tiffany.caron@hotmail.com

Atlanta, Georgia 30308
(404) 564-9300
LJones@joneswalden.com

-and-

**JAMES-BATES-BRANNAN-GROOVER-LLP**

*/s/ James F. Banter*
James F. Banter
Georgia Bar No. 581797
Attorney for Thomas J. Ratcliffe as
Administrator for the Estate of Gregory Hirsch
231 Riverside Drive, Suite 100
P. O. Box 4283
Macon, GA 31208-4283
jbanter@jamesbatesllp.com

# Exhibit "A"

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| **In Re:** | **CASE NO. 23-40569-EJC** |
| **MASTER LENDING GROUP, LLC,** | **CHAPTER 7** |
| Debtor. | |

## CONSENT STIPULATED PROTECTIVE ORDER

This matter came before the Court on the Consent Motion for Protective Order (the "Motion") by the Chapter 7 Trustee Tiffany Caron (the "Trustee"), the Estate of Gregory M. Hirsch (the "Estate"), and Judith Hirsch (together with the Trustee and The Estate, referred to as the "parties"), pursuant to Federal Rule of Civil Procedure 26(c)(1) as made applicable by Federal Rule of Bankruptcy Procedure 7026.

Upon consideration, and it appearing that such Motion should be granted; it is therefore,

ORDERED, ADJUDGED, and DECREED that the Motion filed by Trustee in the captioned Chapter 7 case, is hereby granted as follows:

The discovery in this case shall be governed by the following protective and confidentiality rules:

**I.    Scope of Protected Information**

The parties anticipate the potential production of and may be required to produce protected information that contains information that is confidential, unique, or proprietary to the producing party or a non-party, including, without limitation, financial, commercial, proprietary or personnel information, confidential personal or financial information, and information protected by the constitutional right to privacy. The parties' entry of this order shall not waive any rights of any party to object to the production of documents for any reason; rather this Order shall protect the confidentiality of documents which the party otherwise is required to produce under applicable law.

**II.   Designation of Protected Information**

A.    <u>Scope:</u> This Order governs the production and handling of any protected information in this case. Any party or non-party who produces protected information in this case may designate it as "Confidential" consistent with the terms of this Order. "Designating Party" means the party or non-party who so designates the protected information; "Receiving Party" means the party or non-party to whom such information was produced or disclosed. Whenever possible, the Designating Party must designate only those portions of a document, deposition, transcript, or other material that contain the protected information and refrain from designating entire documents. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its protected information outside of this case. In addition, any party may move to modify or seek other relief from any of the terms of this Order if

it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order.

B.     Application to Non-Parties: Before a non-party is given copies of designated information as permitted hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; if it fails to do so, the parties to this case must resolve any such dispute before making disclosure of designated information as permitted hereunder to the non-party.

C.     Timing and Provisional Protection: To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony. Deposition testimony will be deemed provisionally protected for a period of 30 days after the transcript is released to the parties by the court reporter, although the parties may agree at any time to different timelines of provisional protection of information as Confidential as part of one or more specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts. Failure to designate deposition testimony within the 30-day period provided above will constitute a waiver of protection of the entire contents of the deposition, unless otherwise agreed by the parties.

D.     Manner of Designation: Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party must promptly confirm in writing the designation. Whenever possible, the

Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL" on each designated page of the document or electronic image. For any document produced in native format, including, for instance, spreadsheets, that the Designating Party wishes to designate as confidential, the Designating Party shall indicate in the file name, or via a slip-sheet produced with the native file, that the native document is designated as "CONFIDENTIAL."

**III.     Challenges to Designated Information**

In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party. The Receiving Party must provide written notice of the challenge and the grounds therefore to the Designating Party, who must respond in writing to the challenge within 15 days. At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level. Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated information will remain protected under this Order. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

**IV.     Restricted Access to/Use of Protected Information**

A.     <u>Restricted Use</u>: Absent a Subpoena duly served on the Receiving Party, information that is produced or exchanged in the course of this case and designated under this Order may be used solely for the investigation, preparation, trial, and any appeal of this case, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party. No designated information may be disclosed to any person except in accordance with the terms of this Order. All persons in possession of designated information agree to exercise

reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party's providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information. It shall be the responsibility of the Designating Party, if in its sole discretion it so elects, to seek a protective order or other court intervention to protect from disclosure in response to such subpoena any designated information. Any use or disclosure of Confidential information in violation of the terms of this Order may subject the disclosing person or party to sanctions.

    B.    <u>Access to "Confidential" Information:</u> The parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

1. The Court, its personnel, and court reporters;
2. Counsel of record for the parties (i.e., The Trustee, the Estate, and Judith Hirsch) and their employees who assist such designated counsel of record in this case and are informed of the duties hereunder;
3. The Trustee, Mr Ratcliffe as representative of the Estate, and Judith Hirsch, including their agents and employees who are assisting or have reason to know of this case, so long as each such agent or employee has signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>;
4. Experts or consultants employed by the parties or their counsel for purposes of this case, so long as each such expert or consultant has signed the

acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>;

5. Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

6. Witnesses at depositions. During depositions where all parties have been provided notice and an opportunity to attend, witnesses in this case to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

7. Author or recipient. The author or original recipient of the document (not including a person who received the document in the course of litigation);

8. Insurers. Any insurance carrier providing any Defendant with a defense or indemnity against Plaintiff's claims in this case, as well as any outside counsel engaged by the carrier in connection with providing such a defense or indemnity; and

9. Other persons with the Designating Party's consent or by court order.

C. <u>Review of Witness Acknowledgments:</u> At any time and for any purpose, including to monitor compliance with the terms hereof, any Designating Party may demand to review all

copies of Exhibit A in any Receiving Party's possession. The Receiving Party must, within 5 business days of the demand, provide all such copies to the Designating Party making the demand. Notwithstanding the foregoing, if the Receiving Party has retained an expert whose identity has not yet been disclosed to the Designating Party, the Receiving Party may generically identify how many acknowledgments that it has in its possession attributable to non-disclosed experts, whose acknowledgements must later be provided contemporaneously with any reports issued by one or more of said experts. If a Receiving Party is not required to disclose the identity of any consulting experts, it may not be compelled to produce any acknowledgments from those experts to the Designating Party. However, if the Designating Party provides to the Court evidence of breach of this Order via unauthorized leak of designated information, the Court may require an *in camera* production of all acknowledgments held by a Receiving Party in order to determine breach and consider enforcement of this Order.

     E.    <u>Non-Waiver Effect of Designations:</u> Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this case or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

     F.    <u>Filing Designated Information:</u> If any party wishes to file designated information with the Court, the party shall either request that the Designating Party consent to the filing of the designated information or document publicly, or seek leave of Court to file the designated information or document under seal.

## V. Claw-Back Requests

A. <u>Failure to Make Designation:</u> If, at any time, a party or non-party discovers that it produced or disclosed protected information without designation, it may promptly notify the Receiving Party or parties and identify with particularity the information to be designated and the level of designation (the claw-back notification). The Receiving Party may then request substitute production of the newly-designated information. Within 30 days of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

B. <u>Inadvertent Production of Privileged Information:</u> If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, account/client, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. Pro. 26. Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon comply with Fed. R. Civ. Pro. 26 as to the information subject to the claimed protection.

**VI.     Duration/Continued Restrictions**

A.     <u>Handling of Designated Information Upon Conclusion of Case:</u> Upon conclusion of this case, including all appeals, the Receiving Party(ies) is/are responsible for ensuring that any party or person to whom the party shared or disclosed designated information in this case returns or destroys all of its copies, regardless of the medium in which it was stored. Except as further provided below, within 60 days after the later of the closure of this bankruptcy case or expiration of all deadlines for appeal, the Receiving Party(ies) must certify to each Designating Party that all designated information hereunder has been destroyed by all parties and witnesses for whom that party is responsible. No witness or party may retain designated information that it received from any other party or non-party under this Order; only counsel of record are the authorized agents who may retain one copy for their respective legal files, and who must also describe to the Designating Party the extra steps taken to seal its legal file containing paper and/or electronic copies of the designated information so that it is not accessed, used, or disclosed inconsistently with the obligations under this Order. This provision does not apply to the Court or Court staff.

This provision may be waived, altered, or modified by written agreement of the Parties.

B.     <u>Continued Restrictions Under this Order</u>: The restrictions on disclosure and use of confidential information survive the closing of this case.

**[END OF ORDER]**

Prepared and submitted by:

JAMES-BATES-BRANNAN-GROOVER-LLP


/s/ *James F. Banter*
S. ELIZABETH HALL
Georgia Bar No. 141718
JAMES F. BANTER
Georgia Bar No. 581797
DOROTEYA N. WOZNIAK
Georgia Bar No. 627491
*Counsel for Thomas J. Ratcliffe*
*as Administrator for the Estate of Gregory Hirsch*

231 Riverside Drive, Suite 100
P. O. Box 4283
Macon, GA  31208-4283
ehall@jamesbatesllp.com
jbanter@jamesbatesllp.com
dwozniak@jamesbatesllp.com
Telephone:  478-742-4280
Facsimile:   478-742-8720

*/s/ Tiffany E. Caron*
Tiffany E. Caron, Esq.
Georgia Bar No. 745089
Chapter 7 Trustee
P.O. Box 711
West Palm Beach, Florida 33402
404-647-4917
Tiffany.Caron@hotmail.com

*/s/ Leon S. Jones*
Leon S. Jones
Georgia Bar No. 003980
699 Piedmont Avenue, NE
Atlanta, GA 30308
(404) 564-9300
ljones@joneswalden.com
*Attorneys for Judith Hirsch*

10

## **EXHIBIT A**

The undersigned acknowledges having been provided with and having read the Protective Order in this matter. The undersigned further agrees he/she (i) is bound under the Protective Order, (ii) will comply with all of its provisions, and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.

Date: _____          Signature: _____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANAH DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No.: 23-40569-EJC |
| | § | |
| **MASTER LENDING GROUP, LLC,** | § | **(Chapter 7)** |
| | § | |
| **Debtor** | § | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this date served the foregoing, **Consent Motion for Entry of Protective Order,** through CM/ECF or by depositing same in the United States Mail with sufficient postage affixed thereon, to those addressed below:

Thomas J. Ratcliffe, Jr.
Executor of the Estate of Gregory Hirsch
103 North Main Street
Hinesville, GA 31313

Office of the U.S. Trustee
33 Bull Street, Suite 400
Savannah, GA 31401

James F. Banter
James-Bates-Brannan-Groover-LLP
231 Riverside Drive
Macon, GA 31201

And all other creditors and parties in interest receiving notice through the Court's CM/ECF Filing System.

This the 15th day of February, 2024.

/s/  Tiffany E. Caron
TIFFANY E. CARON, Trustee/Petitioner

Prepared by:
TIFFANY E. CARON, ESQ.
GA BAR NO. 745089
CHAPTER 7 TRUSTEE
P.O. BOX 711
WEST PALM BEACH, FL 33402
404-647-4917
TIFFANY.CARON@HOTMAIL.COM