**IT IS ORDERED as set forth below:**



**Date: March 19, 2024**

_____
Edward J. Coleman, III
Chief United States Bankruptcy Court Judge

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANAH DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No.: 23-40569-EJC |
| | § | |
| **MASTER LENDING GROUP, LLC,** | § | Chapter 7 |
| | § | |
| Debtor | § | |

### ORDER ON TRUSTEE'S MOTION FOR TURNOVER
### PURSUANT TO 11 U.S.C. §542

On October 2, 2023, the Trustee filed a *Motion for Turnover Pursuant to 11 U.S.C. §542* (Doc. No. 140) (the "Motion"). On October, 16, 2023, Judson Hill, as counsel for Debtor, filed a response to the Motion (at Doc. No. 157) (the "Hill Response"). Pursuant to such Hill Response, Mr. Hill identified that Judith Hirsch had objected to Mr. Hill's production of documents pursuant to the Motion. Specifically, the Hill Response stated that Mrs. Hirsch asserted the existence of an attorney-client relationship between Mr. Hill and Mrs. Hirsch. The Motion came on for a duly noticed hearing on March 6, 2024 (the "Hearing"). At the Hearing, Neil Gordon and Tiffany Caron appeared on behalf of the Trustee. Judson Hill appeared on his own behalf. Leon Jones appeared on behalf of Mrs. Hirsch.

The Court having considered the Motion and the announcements of counsel at the Hearing, proper notice having been given, and it appearing that such Motion should be granted upon the terms set forth herein; it is therefore:

ORDERED, ADJUDGED, and DECREED that the Motion filed by the Trustee in the above-captioned Chapter 7 case is granted as follows:

1. The Trustee in this case has made the determination to waive the Debtor's attorney-client privilege between Master Lending Group, LLC and Judson Hill. Therefore, it shall be deemed waived.

2. At the hearing, Mrs. Hirsch announced, through counsel, that Mrs. Hirsch did not waive her right to assert the existence of an attorney-client relationship between Judson Hill and Mrs. Hirsch; however, Mrs. Hirsch stipulated that: (a) Mrs. Hirsch waived any claim of attorney-client privilege with respect to the documents which Trustee will obtain pursuant to this Order on the Motion, and (b) Mrs. Hirsch agreed not to refuse to answer questions at her Examination[1] by the Trustee based upon the assertion of an attorney-client privilege between Judson Hill and Mrs. Hirsch[2].

3. Mr. Hill shall, immediately upon the entry of this Order, turn over all Records, as requested by the Trustee, as the term Records is defined in the Trustee's Motion.

[END OF DOCUMENT]

---

[1] On March 11, 2024 the Court entered a *Consent Order on 2004 Order and the Amended Motion for Protective Order and to Vacate Order for Examination and Production of Documents* (Doc. No. 236) which set the Trustee's examination of Mrs. Hirsch under F.R.B.P. 2004, on April 2, 2024, and provided that such oral examination shall also constitute the deposition of Mrs. Hirsch in the Interpleader Adversary Proceeding No. 23-04021-EJC. "Examination" in this Order shall mean such examination.

[2] As stated above, Mrs. Hirsch has not waived a right to assert the existence of an attorney-client relationship between Mrs. Hirsch and Judson Hill, but Mrs. Hirsch waives the right to assert any such privilege with respect to questions at the Examination.

Prepared by:

*/s/ Tiffany E. Caron*
Tiffany E. Caron, Esq.
GA Bar No. 745089
P.O. Box 711
West Palm Beach, FL 33402
404-647-4917
tiffany.caron@hotmail.com
*Attorney for Trustee*

Consented to by:

*/s/ Leon S. Jones*
Leon S. Jones
Georgia Bar No. 003980
699 Piedmont Avenue, NE
Atlanta, GA 30308
(404) 564-9300
ljones@joneswalden.com
Attorneys for Judith Hirsch