UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| IN RE: | | CHAPTER 7 CASE NO. |
| --- | --- | --- |
| MASTER LENDING GROUP, LLC   Debtor. | | 23-40569-EJC |

## OBJECTION to TRUSTEE's APPLICATION to ALLOW PAYMENT of EXPENSES and ONGOING ADMINISTRATIVE EXPENSES

**LISA & DANNY KAMINSKY**, creditors in the above-referenced case ("Objectors"), by and through undersigned counsel, herewith timely object to Trustee's Application to Allow Payment of Expenses and Ongoing Administrative Expenses of the Estate (Doc. # 261) ("Trustee's Application"), and in support thereof show:

1. Trustee's Application proposes to pay $15,758.60 for services rendered by a professional, Gulfstream Legal Group, which services were contracted by a previously-approved-and-engaged professional and thereafter by the Trustee directly without either having sought this Court's approval to engage the professional.

2. *11 U.S.C. § 327(a)* requires the Trustee to obtain Court approval to employ professional persons, and *11 U.S.C. § 328* states that the terms and conditions of a professions per *§ 327* must be reasonable.

3. *11 U.S.C. § 363* enables the Trustee to "use" property of the Estate only

Objection to Trustee's Application to Pay Expenses
U.S. Bankruptcy Court, S.D. Ga. Savannah Division
Chapter 7 Case # 23-40569-EJC

Page 1 of 5

after Notice and a Hearing, with the only exception thereto being transactions in the ordinary course of the *debtor's* business under *§ 363(b)*, which is in applicable here, because this Debtor has no business.

4. Regardless of whether these transactions are classified as employment of a professional under *§ 327* or use of Estate property under *§ 363(a)*, the Bankruptcy Code requires Court approval at the outset of the retention of the professional.

5. Here, the Court and over 100 Creditors were deprived of any opportunity to review the terms of employment of the professional, Gulfstream Legal Group, prior to (first) Hays Consulting Group and then the Trustee directly engaging and committing to paying the professional. The deprivation is especially concerning, because the Trustee has not kept the creditors to whom she owes fiduciary obligations readily advised as to what proceeds have been recovered and the financial status of this Estate.

6. What scant information is available strongly suggests that, if approved, the financial impact on the Estate of these expenses, if approved, will be incredibly significant. Upon present information and belief, the Trustee has marshalled approximately $93,366.64 to date. With her seeking this Court's approval to pay no less than $11,567.24 to Hays Consulting (which should have sought approval prior to

the engagement) and then $4,191.36 directly to Gulfstream Legal Group, the Trustee is seeking to disburse no less than 17% of the total assets of the Estate to a unapproved and unvetted professional whose terms and conditions over 100 creditors never got the chance to review and/or be advised of in advance.

    7.    In addition thereto, the Trustee also seeks the Court's approval to pay Gulfstream Legal Group no less than $1,383.68 each month going forward to host the electronic records from the computer of the late Gregory Hirsch.

    8.    With over 100 different creditors holding $42,883,714.89 in claims against the Estate, and with less than $94,000.00 in identifiable assets, every expense associated with the Estate's business is crucial and should be subject to scrutiny for compliance with *§§ 327* and *363* and all other applicable sections within the Code.

    9.    It should be noted that the Trustee herself has made great noise about prior counsel for the Debtor failing to follow all applicable Code Sections, Rules, and procedures and in so doing, has sought that some or all of counsel's fees be reduced, stricken or denied for such alleged non-compliance, all under the auspices of seeking to benefit the Estate.

    10.    The Estate's coffers are sorely in need of some benefit.

    11.    Objectors have been involved for over 10 months since this case was

filed and have watched intently, but patiently, to allow the Trustee all opportunity to do what she and her most able band of professionals must do to trace the disbursement of all monies that came into MLG's coffers that ended up buying some $37,000,000.00 in life insurance policies/proceeds which represent the only hope of meaningful funding of this Estate and a recovery of monies owed to Objectors and nearly 100 other Creditors.

12. Accordingly, and for the foregoing reasons, Objectors object to the Court approving the Trustee's Application as it applies to payments for any services rendered by Gulfstream Legal Group to date and also to any future payments thereto unless and until Gulfstream's terms and conditions are reviewed and vetted by all Creditors and approved by this Court after Notice and a Hearing.

WHEREFORE, for the foregoing reasons, Objectors pray that this Court will DENY Trustee's Application and for such other and further relief as this Honorable Court deems mete, just, equitable, and appropriate under all circumstances.

This day, May 13, 2024.

GANNAM, GNANN & STEINMETZ, LLC

*C.J. Steinmetz III*

Post Office Box 10085  
Savannah, Georgia 31412-0285  
T:   912.232.1192  
E:   cjs@ggsattorneys.com

By:   CHRISTIAN J. STEINMETZ III  
      Georgia Bar No. 278260

ATTORNEYS FOR OBJECTORS

Objection to Trustee's Application to Pay Expenses  
U.S. Bankruptcy Court, S.D. Ga. Savannah Division  
Chapter 7 Case # 23-40569-EJC

Page 4 of 5

# CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing was on this day served upon:

| | |
|---|---|
| Tiffany Caron, Esq. | Matt Mills, Esq. |
| Chapter 7 Trustee | Asst U.S. Trustee |

and all other registered participants of the Electronic Case Filing System via Notice of Electronic Filing.

Served on this day, May 13, 2024.

GANNAM, GNANN & STEINMETZ, LLC

*C.J. Steinmetz III*

Post Office Box 10085    By:    CHRISTIAN J. STEINMETZ III
Savannah, Georgia 31412-0285    Georgia Bar No. 278260
T:    912.232.1192
E:    cjs@ggsattorneys.com    ATTORNEYS FOR OBJECTORS

Objection to Trustee's Application to Pay Expenses
U.S. Bankruptcy Court, S.D. Ga. Savannah Division
Chapter 7 Case # 23-40569-EJC

Page 5 of 5