## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 7** |
| **MASTER LENDING GROUP, LLC,** | § | **Case No. 23-40569-EJC** |
| | § | |
| Debtor. | § | |

---

## MOTION FOR AUTHORITY TO COMPROMISE CLAIMS OF THE ESTATE PURSUANT TO BANKRUPTCY RULE 9019

---

COMES NOW, Chapter 7 Trustee, Tiffany E. Caron ("**Trustee**") in the above-captioned bankruptcy case filed by Master Lending Group, LLC ("**MLG**"), by and through counsel of record, Tiffany E. Caron, and hereby moves this Court, pursuant to Bankruptcy Rule 9019, to approve a compromise and settlement by and between the Trustee, MLG, Judith Hirsch (hereinafter "**Mrs. Hirsch**") and the children of Mrs. Hirsch (altogether, the "**Parties**") to resolve, by agreement, and settle all claims, disputes, and differences that may exist between them arising out of or in relation to Master Lending Group.  In support of this Motion, movant respectfully states as follows:

1. MLG filed a Voluntary Petition for relief under Chapter 7 of the United States Code on July 6, 2023 (Doc No. 1).

2. On July 7, 2023, the Court issued the Notice of Chapter 7 Bankruptcy Case appointing Tiffany E. Caron as Trustee and setting the date for the Section 341 Meeting of Creditors for August 9, 2023 at 2:00 PM (Doc No. 7).

3. Gregory Hirsch ("**Mr. Hirsch**") was the 100% owner of Master Lending Group, LLC ("**Master Lending Group**" or "**MLG**").

4. Mr. Hirsch is now-deceased, and Mrs. Hirsch is the widow of Mr. Hirsch.

5. On July 15, 2020, Mr. Hirsch purchased a life insurance policy in the amount of $5,000,000.00 from Pruco Life Insurance Company ("**Pruco**"), naming Mrs. Hirsch as beneficiary (Policy No. L7000224) (the "**Policy**").

6. In August of 2021, Mr. Hirsch was diagnosed with Lou Gehrig's Disease, or ALS.

7. On November 8, 2022, as a result of his progressing illness, Mr. Hirsch executed a designation of agent (the "**Power of Attorney**") naming Mrs. Hirsch as his agent under the Power of Attorney.

8. On April 2, 2023, Mr. Hirsch executed a Request to Change Beneficiary on the Policy, adding LST Holdings, Ltd. ("**LST**") as an irrevocable beneficiary of Policy proceeds in the amount of $150,000.00 and directing that the remaining Policy proceeds, $4,850,00.00, as well as any premium reimbursement, be paid to Mrs. Hirsch.

9. On July 6, 2023, Master Lending Group filed a Chapter 7 bankruptcy case in the Bankruptcy Court for the Southern District of Georgia, Case No. 23-40569 (the "**Bankruptcy Case**").

10. Under the apparent authority granted in the Power of Attorney, Mrs. Hirsch, with the assistance of counsel, signed Master Lending Group's bankruptcy petition (the "**Petition**") and schedules (the "**Schedules**") with the signature identified as "Gregory M. Hirsch (Via POA held by Judith Hirsch)."

11. On August 3, 2023, Mr. Hirsch passed away.

12. Mr. Hirsch also purchased other life insurance policies naming Mrs. Hirsch as beneficiary, and the death benefit proceeds of such policies have been paid to Mrs. Hirsch;

13. Subsequent to Mr. Hirsch's passing, both Mrs. Hirsch and the Trustee made claims on the proceeds of the Pruco Policy;

14. On December 28, 2023, Pruco filed a complaint seeking to interplead the remaining $4,850,000 in Policy proceeds, plus interest, into the Bankruptcy Court (Case No. 23-04021-EJC) (the "**Interpleader**").

15. On February 9, 2024, the Trustee filed a crossclaim (the "**Crossclaim**") against Mrs. Hirsch in the Interpleader claiming the proceeds of the Policy and Mrs. Hirsch filed a motion to dismiss the Trustee's Crossclaim and such action remains pending before the Bankruptcy Court.

16. The Trustee asserts various other claims against Mrs. Hirsch, including avoidance claims, which have not yet been pled in an action against Mrs. Hirsch (together with the Interpleader, the "**Claims**").

17. Mrs. Hirsch disputes all of the Trustee's claims.

18. The Trustee took the Rule 2004 Examination of Mrs. Hirsch on April 2, 2024 with a full day of testimony from Mrs. Hirsch.

19. The Trustee engaged Forensic Accountants and Financial Consultants (the "Forensic Team") to review and analyze the financial records of MLG, Mr. and Mrs. Hirsch and other entities owned by Mr. Hirsch.

20. The Trustee and Mrs. Hirsch engaged in two full days of mediation with United States Bankruptcy Judge Mary Grace Diehl from the Northern District of Georgia (the "Mediation").

21. During the Mediation, the Trustee, Mrs. Hirsch, their respective attorneys and Judge Diehl reviewed and analyzed the claims of each of the Parties and, after a significant amount of negotiation between the parties, came to an agreement which resulted in the terms set forth in the attached Settlement Agreement.

22. As a result of the analysis of the Forensic Team, months of negotiation with Mrs. Hirsch and the Mediation, the Trustee and Mrs. Hirsch have agreed on the terms set forth herein and in the attached Settlement Agreement.

23. Various creditors, listed in the Debtor's Schedule E/F and on the Court's Claims Register, hold, may hold or assert a claim against Master Lending Group or the Estate.

24. The Trustee, on behalf of the Estate, holds, may hold, or may assert a claim against creditors in relation to payments received from Master Lending Group or otherwise related to the activities of Master Lending Group.

25. The Trustee, on behalf of the Estate, holds, may hold, may assert, or has asserted a claim against Mrs. Hirsch in relation to Master Lending Group.

26. Creditors may have a right to assert a claim against Mrs. Hirsch in relation to the activities of Master Lending Group.

27. Mrs. Hirsch and the Trustee have agreed to resolve and settle all claims, disputes, and differences that may exist between them arising out of or in relation to Master Lending Group.

28. Mrs. Hirsch, her children (prospectively[1]) and the Trustee have executed a proposed Settlement Agreement dated June 29, 2024 (the "**Settlement Agreement**") which is fully incorporated herein and is subject to approval of the Bankruptcy Court (Settlement Agreement attached as Exhibit "A").

29. The Trustee has asserted a claim against the Estate of Gregory Hirsch (the "**Probate Estate**") for the total amount of claims filed in this case; the Settlement Agreement does not affect the Trustee's claim against the Probate Estate.

---

[1] Opposing counsel has assured the undersigned that he is in the process of obtaining the signatures of the children of Judith Hirsch and will have them well in advance of the hearing.

30. By prior approval, the Trustee settled the Bankruptcy Estate's claim against Synergy Homes of Georgia, LLC, et al. for the amount of $3,500,000; the payments due under this settlement are current and the Trustee has collected a total of $290,744.97 from Synergy.

31. The Trustee is also collecting restitution payments from Dean Flake, a former employee of MLG, who had embezzled funds from the company.

32. The Trustee will continue to investigate other claims in this case.

## COMPROMISE AND SETTLEMENT

The Parties are desirous of resolving any and all disputes related to the Claims. Therefore, the Parties submit the following compromise and settlement for Court approval. The proposed Settlement Agreement is attached as Exhibit "A" and fully incorporated herein[2]. A summary of the Agreement is as follows:

In exchange for a full release by the Trustee and the Bankruptcy Estate of all of the Claims, Mrs. Hirsch has agreed to pay the gross amount of $7,000,000 (the "**Settlement Payment**") to the Bankruptcy Estate contingent on satisfaction of the terms set forth in the Settlement Agreement. The Trustee's consideration to Mrs. Hirsch includes a release of all possible claims of the Bankruptcy Estate against Mrs. Hirsch or her children.

**ADDITIONALLY, THE TRUSTEE'S CONSIDERATION INCLUDES A RELEASE OF ANY AVOIDANCE CLAIMS (INCLUDING PREFERENCE CLAIMS) AGAINST ANY CREDITOR, WHETHER REQUIRED OR NON-REQUIRED, WHO ELECTS TO SIGN A CREDITOR RELEASE ("CLAWBACK RELEASE").**

### RELEASES FROM CREDITORS

The settlement contemplated by the Settlement Agreement is contingent upon Mrs. Hirsch

---

[2] To the extent there is any inconsistency between the terms set forth in this Motion and the Settlement Agreement attached as Exhibit "A", the Settlement Agreement controls.

receiving releases of all possible claims against her and her children from Required Creditors of Master Lending Group (the "**Required Creditor Releases**") as the term is defined in the Settlement Agreement. The Creditor Release form is attached as "Addendum A" to the Settlement Agreement (the "**Creditor Release**").

Due to the costs and uncertainty of litigation, the Trustee believes it is in the best interest of the bankruptcy estate to settle with Mrs. Hirsch and her children as set forth above to fully and finally resolve the Claims. The Trustee is requesting approval to settle with Mrs. Hirsch and her children as set forth above.  The attached Consent Order reflects the agreement of the Parties. The settlement does not resolve claim objections and the right to object to any and all proofs of claim filed in the case is reserved and preserved for the Trustee.

## AUTHORITY

Settlements are generally favored in bankruptcy proceedings in that they provide for often needed and efficient resolution of bankruptcy cases. Under Bankruptcy Rule 9019(a), the bankruptcy court may approve a compromise or settlement "on motion by the trustee and after a hearing on notice to creditors, the debtor and indenture trustee . . . ." In conducting a hearing under Rule 9019(a), the bankruptcy court must determine whether the proposed compromise is fair and equitable and in the best interests of the bankruptcy estate. *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157, 1163, 20 L. Ed. 2d 1 (1968).  "In determining whether to approve a settlement, a bankruptcy court must evaluate whether the proposed compromise falls below the 'lowest point in the range of reasonableness.' *Martin v. Pahiakos (In re Martin)*, 490 F.3d 1272, 1275-76 (11th Cir. 2007) (citing *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983)). If a settlement passes this low threshold, the court should approve the compromise. Specifically, a court in this

District must consider the four factors set forth by the Eleventh Circuit in *Justice Oaks* (the "*Justice Oaks* Factors")."

In this context, it is appropriate for the bankruptcy estate to examine four factors in deciding whether to approve or disapprove a settlement. These factors are as follows: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable view in the premises. *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), *cert. denied,* 498 U.S. 959, 111 S. Ct. 387, 112 L. Ed. 2d 398 (1990); *In re RFE Industries, Inc.*, 283 F.3d 159, 165 (3rd Cir. 2002), *citing In re Martin*, 91 F.3d 389, 393 (3rd Cir. 1996); *In re Kay,* 223 B.R. 816 (Bankr. M.D. Fla. 1998).

## PROBABILITY OF SUCCESS IN LITIGATION

The legal issues raised in the Interpleader are complex and could take years to resolve.  The parties have raised arguments and defenses to which there is no clear authority exactly on point. Litigation could last for years and result in significant amounts of attorney's fees and costs to resolve without any guarantee of success on the merits.

## DIFFICULTING IN COLLECTION

The Trustee does not see this factor as an issue as Mrs. Hirsch has the funds on hand to pay the Settlement Payment, except to note that Mrs. Hirsch would likely appeal any adverse ruling thereby delaying, by many years, any ultimate collection

## COMPLEXITY OF LITIGATION

The litigation is complex and made more complicated by the lack of books and record and the comingling of funds between MLG and other entities owned or controlled by Mr. Hirsch, and the use of funds to purchase life insurance policies, the proceeds of which are not clearly property of the bankruptcy estate.

## BEST INTEREST OF CREDITORS

This settlement is in the best interest of creditors.  Without a settlement, litigation could last for many years and any amounts recovered would be subject to a reduced payout to creditors due to the costs of litigation.  Creditors are best served by an agreed resolution which will provide a distribution in a relatively short period of time.  The further benefit to creditors in this case is the Trustee's release of avoidance claims which would otherwise result in the Trustee filing lawsuits against the creditors in this case for recovery of preferential and fraudulent transfers.  This is especially true in the case of actual fraud, such as a Ponzi scheme.  Every single investor would be sued eventually after substantial discovery under Rule 2004 of the Federal Rules of Bankruptcy Procedure.  This would result in millions of dollars of legal fees and the incurrence of substantial costs, particularly for court reporting and transcript charges.  Every creditor in this case would be pursued, at the very minimum, for recovery of preferential payments which cleared the Debtor's account during the ninety (90) days prior to the bankruptcy filing, in additional to distributions received over many years as constituting fraudulent transfers.  This settlement resolves all of these issues.

WHEREFORE, Chapter 7 Trustee, Tiffany E. Caron, respectfully requests that the Court grant this Motion giving the Trustee authority to settle the estate's claim(s) as set forth herein, and for any other relief deemed just and proper under the circumstances.

This 1st day of July, 2024.

/s/ Tiffany E. Caron
Tiffany E. Caron
Attorney for Chapter 7 Trustee

TIFFANY E. CARON, ESQ.
GA BAR NO. 745089
CHAPTER 7 TRUSTEE
P.O. BOX 711
WEST PALM BEACH, FL 33402
404-647-4917
TIFFANY.CARON@HOTMAIL.COM

<u>EXHIBIT A</u>

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Settlement Agreement**") is made this 29th day of June, 2024, by and between Judith Hirsch, an individual domiciled in Georgia, ("**Mrs. Hirsch**") and the Bankruptcy Estate of Master Lending Group, LLC (the "**Bankruptcy Estate**"), by and through Tiffany E. Caron in her capacity as Chapter 7 Trustee, (the "**Trustee**") (collectively, the "**Parties**") and recite as follows:

Defined terms which are used throughout this Settlement Agreement are initially shown in bold for easy reference, and thereafter the terms are shown with initial capitals.

### RECITALS:

WHEREAS, on July 6, 2023, Master Lending Group LLC filed a Chapter 7 bankruptcy case in the Bankruptcy Court for the Southern District of Georgia (the "**Bankruptcy Court**"), Case No. 23-40569 (the "**Bankruptcy Case**");

WHEREAS, Gregory Hirsch ("**Mr. Hirsch**") was the 100% owner of Master Lending Group, LLC ("**Master Lending Group**");

WHEREAS, Mr. Hirsch is the now-deceased husband of Mrs. Hirsch;

WHEREAS, on July 15, 2020, Mr. Hirsch purchased a life insurance policy in the amount of $5,000,000.00 from Pruco Life Insurance Company ("**Pruco**"), naming Mrs. Hirsch as beneficiary (Policy No. L7000224) (the "**Policy**").

WHEREAS, in August of 2021, Mr. Hirsch was diagnosed with Lou Gehrig's Disease, or ALS;

WHEREAS, on November 8, 2022, as a result of his progressing illness, Mr. Hirsch executed a designation of agent (the "**Power of Attorney**") naming Mrs. Hirsch as his agent under the Power of Attorney;

WHEREAS, on April 2, 2023, Mr. Hirsch executed a Request to Change Beneficiary on the Policy, adding LST Holdings, Ltd. ("**LST**") as an irrevocable beneficiary of Policy proceeds in the amount of $150,000.00 and directing that the remaining Policy proceeds, $4,850,00.00, as well as any premium reimbursement, be paid to Mrs. Hirsch;

WHEREAS, on July 6, 2023, Master Lending Group filed a Chapter 7 bankruptcy case in the Bankruptcy Court for the Southern District of Georgia, Case No. 23-40569 (the "**Bankruptcy Case**");

WHEREAS, under the apparent authority granted in the Power of Attorney, Mrs. Hirsch, with the assistance of counsel, signed Master Lending Group's bankruptcy petition (the "**Petition**") and schedules (the "**Schedules**") with the signature identified as "Gregory M. Hirsch (Via POA held by Judith Hirsch)."

1

WHEREAS, on August 3, 2023, Mr. Hirsch passed away;

WHEREAS, Greg Hirsch also purchased other life insurance policies naming Mrs. Hirsch as beneficiary, and the death benefit proceeds of such policies have been paid to Mrs. Hirsch;

WHEREAS, subsequent to Mr. Hirsch's passing, both Mrs. Hirsch and the Trustee made claims on the proceeds of the Pruco Policy;

WHEREAS, on December 28, 2023, Pruco filed a complaint seeking to interplead the remaining $4,850,000 in Policy proceeds, plus interest, into the Bankruptcy Court (Case No. 23-04021-EJC) (the "**Interpleader**");

WHEREAS, on February 9, 2024, the Trustee filed a crossclaim (the "**Crossclaim**") against Mrs. Hirsch in the Interpleader claiming the proceeds of the Policy and Mrs. Hirsch filed a motion to dismiss the Trustee's Crossclaim and such action remains pending before the Bankruptcy Court;

WHEREAS, the Trustee asserts various other claims against Mrs. Hirsch, including avoidance claims, which have not yet been pled in an action against Mrs. Hirsch;

WHEREAS, Mrs. Hirsch disputes all of the Trustee's claims;

AGREEMENTS:

NOW, THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the receipt of which is hereby acknowledged, and intending to be legally bound, the Parties do hereby agree and stipulate as follows:

1.  **Recitations Incorporated.** The Recitations above are incorporated into this Settlement Agreement as if set forth fully herein and form a material portion of this Settlement Agreement.

2.  **Settlement Subject to Court Approval.** The settlement contemplated by this Settlement Agreement is subject to the entry of an order by the U.S. Bankruptcy Court in the Bankruptcy Case approving the Settlement Agreement.

3.  **Trustee to Obtain Court Approval.** Immediately after execution of this Settlement Agreement by Mrs. Hirsch and the Trustee, the Trustee shall cause a Motion under Bankruptcy Rule 9019 (the "**R9019 Motion**") to be filed in the Bankruptcy Court seeking approval of the Settlement contemplated by this Settlement Agreement.

4.  **Meeting of the Creditors.** The Trustee shall, at her option, hold a meeting of the creditors prior to the hearing on the R9019 Motion. Mrs. Hirsch shall not be entitled to attend such meeting. Leon S. Jones and Bethany L. Strain, attorneys for Mrs. Hirsch, shall be entitled to attend such meeting as observers.

5.   **Creditor.** The term "Creditor" as used in this Settlement Agreement shall be defined to mean all persons or entities to whom money is owed by Master Lending Group, regardless of whether said person or entity has filed a claim in the Bankruptcy Case. This provision does not constitute an admission by the Trustee that any amount is due to any particular Creditor.

6.   **Filing Creditors.** The term "Filing Creditors" as used in this Settlement Agreement shall be defined to mean all Creditors who have filed a proof of claim in the Bankruptcy Case.

7.   **Non-Filing Creditors.** The term "Non-Filing Creditors" as used in this Settlement Agreement shall be defined to mean all Creditors reflected on Debtor's Schedules in the case who have not filed a proof of claim in the Bankruptcy Case.

8.   **Required Creditors.** The term "Required Creditors" as used in this Settlement Agreement shall be defined to mean all Filing Creditors along with Non-Filing Creditors with a Claim Amountscheduled at $50,000 or more or scheduled as "unknown" but with a value of $50,000 or more. The Estate of Greg Hirsch is excluded from this provision and is not a required creditor.

9.   **Non-Required Creditors.** The term "Non-Required Creditors" as used in this Settlement Agreement shall be defined to mean all Creditors other than those defined as Required Creditors.

10.  **Claim Amount.** A Creditor's claim amount ("**Claim Amount**") shall be considered for the purposes of this Settlement Agreement to be (i) the amount claimed in the creditor's proof of claim, if any, (ii) if the creditor did not file a proof of claim, the amount scheduled as to the creditor in Master Lending Group's bankruptcy schedules. This amount shall not be considered an admission by the Parties or acceptance of any amount claimed by Creditors. The Trustee retains the right to object to any and all proofs of claim filed in the case.

11.  **Settlement Contingent on Creditor Releases.** The settlement contemplated by this Settlement Agreement is contingent upon Mrs. Hirsch receiving releases of all possible claims against her and her children from every Required Creditor of Master Lending Group (the "**Required Creditor Releases**"). The Creditor Release form is attached as "**Addendum A**" to this Settlement Agreement (the "**Creditor Release**"). Mrs. Hirsch is permitted to seek Creditor Releases from all Creditors, regardless of whether the Creditor qualifies as a Required Creditor. However, the failure to obtain a Creditor Release from any Non-Required Creditor shall not: (a) constitute grounds for cancellation of the Settlement Agreement, (b) justify filing a Notice of Cancellation or (c) serve as a basis for not filing the Notice of Consummation. The Estate of Greg Hirsch is excluded from this provision.

12.  **Mrs. Hirsch to Obtain Creditor Releases.** Upon receiving Bankruptcy Court approval of this Settlement Agreement, Mrs. Hirsch shall begin soliciting the Creditors to obtain

3

Creditor Releases.

13. **Release Solicitation Deadline.** Mrs. Hirsch will endeavor to obtain all Required Creditor Releases on or by the later of (i) November 26, 2024, and (ii) 90 days after the entry of a final Settlement Order (the "**Release Solicitation Deadline**"). The Release Solicitation Deadline shall be subject to extension upon the agreement of Mrs. Hirsch and the Trustee.

14. **Release Solicitation Progress Reports.** Mrs. Hirsch shall provide the Trustee a confidential monthly Status Report beginning 30 days after entry of the Settlement Order and every 30 days thereafter reporting the status of Mrs. Hirsch's efforts to obtain Releases and stating all releases obtained as of the date of such report.

15. **Notice of Consummation.** If, as of 10 days following the Release Solicitation Deadline, Mrs. Hirsch has obtained all Required Creditor Releases or elects to proceed under paragraph 16 of this Settlement Agreement below, Mrs. Hirsch shall file a notice that the Settlement Agreement shall consummate (a "**Notice of Consummation**") with the Bankruptcy Court. Such notice shall inform the court that the contingencies of the Settlement Agreement have been satisfied. This Settlement Agreement shall be effective as of the date the Notice of Consummation is filed (the "**Effective Date**").

16. **Option to Proceed Without All Releases.** Within 10 days following the Release Solicitation Deadline, Mrs. Hirsch may elect to proceed with the consummation of the Settlement Agreement notwithstanding the failure to obtain Releases from every Required Creditor. Should Mrs. Hirsch elect to do so, she will file a Notice of Consummation with the Court. The Notice of Consummation shall list every Creditor from whom Mrs. Hirsch has obtained a Release and every Creditor, if any, from whom she has not obtained a Release. The Notice of Consummation shall indicate that Mrs. Hirsch agrees to remain bound by the other terms of the Settlement Agreement notwithstanding the unobtained Releases and thereby waiving the requirement of a Release by such creditors.

17. **Notice of Cancelation.** If, as of 10 days following the Release Solicitation Deadline, Mrs. Hirsch is unable to obtain all Releases as required by this Settlement Agreement and does not elect to proceed with commencement pursuant to paragraph 16 above, Mrs. Hirsch will file a Notice of Cancelation with the Bankruptcy Court. Upon the filing of the Notice of Cancelation, all Creditor Releases and this Settlement Agreement shall be terminated and deemed void and any applicable statute of limitation with respect to claims of the Trustee against Mrs. Hirsch and/or her children will be tolled for 180 days after the date that such statute of limitation would have otherwise expired.

18. **Creditor Releases.** The Creditor Releases shall be contingent upon the consummation of the Settlement Agreement. Once executed, a Creditor Release shall be irrevocable until such time as it vests or is voided pursuant to the terms of this Agreement. Upon the filing of a Notice of Consummation, the Releases shall vest. Upon the filing of a Notice of Cancelation, the Releases shall be voided.

19. **Consideration.** As further detailed below in paragraph 20, Mrs. Hirsch's consideration to

4

the Trustee under the Settlement Agreement is the gross amount of $7,000,000 ("**Settlement Amount**"). The Trustee's consideration to Mrs. Hirsch includes a release of all possible claims of the Bankruptcy Estate against Mrs. Hirsch or her children. Additionally, the Trustee's consideration includes a release of any avoidance claims (including preference claims) against any Creditor, whether Required or Non-Required, who elects to sign a Creditor Release ("**Clawback Release**").

20. **Settlement Amount.** Mrs. Hirsch's payment of the Settlement Amount will consist of:

   (i) a concession of the funds held in the registry of the court in the Interpleader (Case No. 23-04021-EJC), currently totaling approximately $5,162.557.60, including interest (the "**Interplead Funds**")[1]; and

   (ii) a remainder payment in the amount of $7,000,000 less the Interplead Funds (the "**Cash Balance**").

21. **Escrow Funds.** $1,850,000 will be held in escrow by Mrs. Hirsch's attorney of record in the Interpleader following entry of a Settlement Order pending consummation of the Settlement Agreement (the "**Escrow Funds**"). Upon the filing of a Notice of Consummation, the Cash Balance shall be paid to the Trustee out of the Escrow Funds. Any amount of the Escrow Funds in excess of the Cash Balance shall be returned to Mrs. Hirsch. Alternatively, if, after the Release Solicitation Deadline has passed, Mrs. Hirsch elects to file a Notice of Cancelation, the Escrow Funds shall be entirely returned to Mrs. Hirsch.

22. **Payment of Cash Balance.** Upon consummation, by the later of (i) ten (10) business days after the Effective Date, or (ii) five (5) business days after the parties receive confirmation from the Bankruptcy Court of the total amount of the Interplead Funds, Mrs. Hirsch will pay the Cash Balance by wire transfer to the Trustee using the wire instructions provided to Mrs. Hirsch at such time by the Trustee.

23. **The Interplead Funds.** Upon execution of this Settlement Agreement, the Parties agree to request the Court that the Interpleader be stayed pending further order of the Bankruptcy court. Upon consummation of the Settlement Agreement, the Trustee will dismiss the Interpleader Adversary Claims with prejudice. If the Settlement Agreement is not consummated, and Mrs. Hirsch and the Trustee do not agree to extend the time for consummation of the Settlement Agreement, the Settlement Agreement will be void and the Interpleader will proceed.

24. **Consent Order for Disbursement of Interplead Funds.** Mrs. Hirsch's counsel will draft a proposed order for disbursement of the Interplead Funds, subject to approval of the Trustee (the "**Disbursement Consent Order**"). Upon consummation of the Settlement

---

[1] This amount shall be calculated including interest as of the Effective Date. The Trustee and Mrs. Hirsch shall agree and present a Final Consent Order providing for disbursement of the Interplead Funds to the Trustee.

Agreement, Mrs. Hirsch and the Trustee will file the Disbursement Consent Order with the Bankruptcy Court.

25. **Release by the Bankruptcy Estate.** Effective upon the entry of the Disbursement Consent Order and the Trustee's receipt of the Cash Balance in accordance with paragraphs 20-22 above, the Bankruptcy Trustee on behalf of the Bankruptcy Estate herewith releases, acquits, and forever discharges Mrs. Hirsch, Mrs. Hirsch's children, and any immediate or mediate transferee of Mrs. Hirsch or her children (as provided in 11 U.S.C. § 550) from any and all claims, rights, liabilities, loss of income, actual, punitive, and exemplary damages, attorneys' fees, costs, expenses of litigation, and compensation of any nature whatsoever, whether known or unknown, seen or unforeseen, accrued or unaccrued, fixed or contingent, liquidated or nonliquidated, from the beginning of time through the Effective Date of this Settlement Agreement, including, but not limited to, claims for fraudulent transfers and obligations under 11 U.S.C. §§ 544, 548 and 550, claims for voidable transactions under the Uniform Voidable Transactions Act (O.C.G.A. § 18-2-70 *et seq.*), any claims for preferential transfers under 11 U.S.C. § 547, any claims relating to any insurance policies including any claim to proceeds on the life of Mr. Hirsch, and without limitation, those claims which have been or could have been asserted in any federal, state, or administrative forum.

26. **Release by Mrs. Hirsch.** Effective upon consummation of the Settlement Agreement, Mrs. Hirsch and Mrs. Hirsch's children, herewith release, acquit, and forever discharge the Bankruptcy Trustee, the Bankruptcy Trustee's professionals, and the Bankruptcy Estate from any and all claims, rights, liabilities, loss of income, actual, punitive, and exemplary damages, attorneys' fees, costs, expenses of litigation, and compensation of any nature whatsoever, whether known or unknown, seen or unforeseen, accrued or unaccrued, fixed or contingent, liquidated or nonliquidated, from the beginning of time through the Effective Date of this Settlement Agreement and without limitation which have been or could have been asserted in any federal, state, or administrative forum.

27. **Clawback Release.** Effective upon consummation of the Settlement Agreement, the Trustee shall and does hereby release any and all claims, rights, costs, liabilities, loss of income, actual, punitive and exemplary damages, attorney fees, costs and expenses if litigation and consummation, liquidated or nonliquidated, from the beginning of time through the Effective Date of this Settlement Agreement, including, but not limited to, claims for fraudulent transfers and obligations under 11 U.S.C. §§ 544, 548 and 550, claims for voidable transactions under the Uniform Voidable Transactions Act (O.C.G.A. § 18-2-70 *et seq.*), avoidance claims (including preference claims under 11 U.S.C. § 547) against creditors who elect to sign a Creditor Release. In the event that Mrs. Hirsch elects to consummate the Settlement Agreement without receiving Creditor Releases from all creditors and the Settlement Agreement becomes effective, then the Creditors who do not execute a Creditor Release will not be released from the Trustee's avoidance claims and the Trustee shall retain all rights to file and prosecute avoidance actions against the Creditors who do not execute a Release.

6

28. **Trustee's Right to Solicit Creditor Releases.** If after 60 days from the entry of the Settlement Order, or sooner if so desired by Mrs. Hirsch, Mrs. Hirsch is unable to obtain a Release by any creditor from whom she requires a release or otherwise prefers that the Trustee seek a particular Release, Mrs. Hirsch's counsel shall promptly notify the Trustee who will be afforded an opportunity to seek such Creditor Release directly from the creditor.

29. **Allocation of Settlement Amount.** Mrs. Hirsch's payment of the Settlement Amount in the gross valuation of $7,000,000.00 shall constitute full and final payment of all funds received, directly or indirectly, from Master Lending Group by Mrs. Hirsch and her children. Mrs. Hirsch's payment of the Settlement Amount shall also be considered as full and complete satisfaction for any and all assets, properties, or other benefits that Mrs. Hirsch and her children may have acquired or derived through or in relation to with Master Lending Group. This includes any funds or assets of Mrs. Hirsch or her children that are derivative of or traceable to Master Lending Group. By making the payment of the Settlement Amount, Mrs. Hirsch and her children acknowledge that no further payments or compensation shall be due to or from any of them in connection with any funds, assets, or properties associated with Master Lending Group. This payment and the Settlement Agreement satisfies any claims, demands, or liabilities related to the aforementioned funds or assets.

30. **Good Faith.** The Trustee and Mrs. Hirsch shall work to the best of their ability and operate in good faith toward the goal of receiving all Releases.

31. **Information Sharing.** The Trustee shall endeavor to share all information beneficial to Mrs. Hirsch in obtaining Releases, including any information available to the Trustee regarding the nature and extent of the Trustee's Avoidance Claims against particular Creditors.

32. **Liability Denied.**   Mrs. Hirsch and Mrs. Hirsch's children deny any liability to the Bankruptcy Estate or the Creditors, and nothing herein shall constitute an admission by Mrs. Hirsch or her children of any such liability.

33. **Trustee's Right to Object to Proofs of Claim.** The Trustee reserves and shall retain her right to object to any and all proofs of claim filed in the case.

34. **Miscellaneous Provisions.**

  34.1. If this settlement is not consummated, no statements made by or on behalf of the Trustee, on the one hand, and Mrs. Hirsch, on the other hand, in support of the Settlement can be introduced into evidence.

  34.2. This Settlement Agreement is the product of arm's-length negotiations and joint draftsmanship. This integrated Settlement Agreement constitutes the parties' entire agreement respecting the matters set forth herein and shall supersede all negotiations and prior agreements respecting the matters covered hereby.

7

34.3.   This Settlement Agreement can be modified or terminated only by a written instrument signed by all parties, and to the extent required, approval by the Bankruptcy Court.

34.4.   The parties may execute this Settlement Agreement and creditors may execute Creditor Releases and deliver their signatures by electronic means, as provided in the Uniform Electronic Transactions Act, O.C.G.A. § 10-12-1, et seq., and such signatures have the same force and effect as original signatures. This Settlement Agreement may be executed in counterparts, each deemed to be an original, and all of which together shall constitute the Settlement Agreement, binding and effective as to all parties.

34.5.   The Parties agree that the Bankruptcy Court shall have jurisdiction to hear and determine any dispute that arises under this Settlement Agreement.

**IN WITNESS WHEREOF** the Parties have executed this Settlement Agreement as of the date and year first stated above.

**The Bankruptcy Estate of Master Lending Group, LLC:**

By: _____

**Tiffany E. Caron, in her capacity as**
**Chapter 7 Trustee for Master Lending**
**Group, LLC.**

**Mrs. Hirsch:**

_____
**Judith D. Hirsch**

_____
**Judith D. Hirsch Child** *

_____
**Judith D. Hirsch Child** *

_____
**Judith D. Hirsch Child** *

8

*Signatures of children are to be provided.

<u>ADDENDUM A</u>

MASTER LENDING GROUP LLC BANKRUPTCY ESTATE
RELEASE OF CLAIMS

     This Release Agreement (the "**Release Agreement**") is entered into this ___ day of _____, 2024, between Tiffany E. Caron in her capacity as Chapter 7 Trustee (the "**Trustee**") of the Bankruptcy Estate of Master Lending Group, LLC (the "**Estate**"), and Judith D. Hirsch ("**Mrs. Hirsch**"), an individual domiciled in Georgia, and _____ (the "**Creditor**") (collectively, the "**Parties**").

     Defined terms which are used throughout this Agreement are initially shown in bold for easy reference, and thereafter the terms are shown with initial capitals. All capitalized terms not defined in this Release Agreement shall be given the meaning defined in the Settlement Agreement.

RECITALS

     WHEREAS, on July 6, 2023, Master Lending Group, LLC ("**Master Lending Group**") filed a Chapter 7 bankruptcy case in the Bankruptcy Court for the Southern District of Georgia (the "**Bankruptcy Court**"), Case No. 23-40569 (the "**Bankruptcy Case**");

     WHEREAS, Gregory Hirsch ("**Mr. Hirsch**") was the 100% owner of Master Lending Group, LLC ("**Master Lending Group**");

     WHEREAS, Mr. Hirsch is now-deceased, and Mrs. Hirsch is the widow of Mr. Hirsch;

     WHEREAS, the Creditor holds, may hold or assert a claim against Master Lending Group or the Estate;

     WHEREAS, the Trustee, on behalf of the Estate, holds, may hold, or may assert a claim against Creditor in relation to payments received from Master Lending Group or otherwise related to the activities of Master Lending Group;

     WHEREAS, the Trustee, on behalf of the Estate, holds, may hold, may assert, or has asserted a claim against Mrs. Hirsch in relation to Master Lending Group;

     WEREAS, the Creditor may have a right to assert a claim against Mrs. Hirsch in relation to the activities of Master Lending Group;

     WHEREAS, Mrs. Hirsch and the Trustee have agreed to resolve and settle all claims, disputes, and differences that may exist between them arising out of or in relation to Master Lending Group;

     WHEREAS, Mrs. Hirsch and the Trustee have executed a Settlement Agreement dated June 29, 2024 (the "**Settlement Agreement**") and the Bankruptcy Court approved the Settlement Agreement by order entered _____, 2024 (the "**Settlement Order**");

     WHEREAS, Mrs. Hirsch and the Creditor have agreed to resolve and settle all claims, disputes, and differences that may exist between them arising out of or in relation to Master Lending Group;

1

NOW THEREFORE, in consideration of Mrs. Hirsch's payment under the Settlement Agreement and the mutual covenants and undertakings of the Parties as set forth in the Settlement Agreement and this Release Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, the Parties agree as follows:

RELEASE TERMS

1. **Recitals Incorporated.** The foregoing recitals are confirmed by the Parties as true and correct and are incorporated herein by reference.

2. **Settlement Agreement Incorporated.** The Settlement Agreement is confirmed by the Parties as valid and binding and is incorporated herein by reference. All capitalized terms not otherwise defined in this Release shall have the meanings attributed to them in the Settlement Agreement.

3. **Effective Date.** This Release shall be effective as of the date any Notice of Consummation is filed pursuant to the terms of the Settlement Agreement (the "**Effective Date**"). In the case that the Settlement Agreement is not consummated, this Release shall be voided upon Mrs. Hirsch's filing of a Notice of Cancelation pursuant to the terms of the Settlement Agreement.

4. **Trustee's Release of Creditor**. Pursuant to the terms of this Release, the Trustee shall and does hereby release Creditor from any and all claims, rights, costs, liabilities, loss of income, actual, punitive and exemplary damages, attorney fees, costs and expenses of litigation (liquidated or nonliquidated), from the beginning of time through the Effective Date of this Settlement Agreement, including, but not limited to, claims for fraudulent transfers and obligations under 11 U.S.C. §§ 544, 548 and 550, claims for voidable transactions under the Uniform Voidable Transactions Act (O.C.G.A. § 18-2-70 *et seq.*), and avoidance claims (including preference claims under 11 U.S.C. § 547).

5. **Creditor's Release of Mrs. Hirsch**. Creditor hereby releases, acquits, forever discharges, and holds harmless Mrs. Hirsch and her children from all claims, demands, actions, liens, causes of action, charges, and liabilities of any kind whatsoever, by reason of any and all acts, omissions, events, circumstances, or facts existing or occurring up to the Effective Date.

6. **Settlement Amount.** In consideration of this Release Agreement, Mrs. Hirsch has executed the Settlement Agreement and, contingent upon consummation, will pay the Settlement Amount as indicated therein to the Bankruptcy Estate.

7. **Irrevocable.** This Release shall be binding upon execution and shall be irrevocable unless and until such time as Mrs. Hirsch has filed a Notice of Cancelation.

8. **Successors Bound**. All of the terms of this Release inure to the benefit of the Parties and are binding upon the Parties' respective legal representatives, successors, and

2

permitted assigns.

9.    **Governing Law**. This Release and all claims or causes of action based on, arising out of, or relating to this Release will be governed by and construed in accordance with the laws of the State of Georgia without regard to any other jurisdiction's choice-of-law and conflict-of-law principles.

10.    **Entire Agreement; Modification**. The Settlement Agreement, the Settlement Order, and this Release contain the entire agreement of the parties with respect to the subject matter discussed in the recitals. All prior and contemporaneous representations, promises, and inducements are null and void. No modification of this Release will be effective or binding unless and until such modification is memorialized in a writing signed by the parties to be bound thereby.

11.    **Voluntary Execution of Release**. The parties mutually acknowledge, represent, and warrant that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Release or that they have had ample opportunity to consult with counsel of their choosing; that they read, know, and understand completely the contents of this Release; and that they have voluntarily executed the Release.

12.    **Counterparts and Electronic Signatures**. This Release may be executed in any number of counterparts, each of which will be deemed an original, but all of which, taken together, will constitute one and the same agreement. Execution by facsimile, by scanned attachments, or by electronic signature has the same force and effect as an original. The parties agree that, in accordance with the Electronic Signature in Global National Commerce Act (15 U.S.C. § 7000, *et seq.*) and the Georgia Uniform Electronic Transactions Act, (O.C.G.A. § 10-12-1- *et seq.*), emailed electronic pdf and/or fax transmissions of signatures of the parties delivered by and between them and/or their legal counsel shall be effective to the fullest extent allowed by law and shall be enforced as if such signatures were originals and physically delivered as between the parties, their attorneys or agents

13.    **Authority of Parties**. The persons executing this Release represent and warrant that they have the legal and institutional authority to do so on behalf of the person or legal entity for which they are signing.

14.    **Construction**. This Release may not be construed more strictly against one party merely by virtue of the fact that the same has been prepared by that party or its counsel, it being recognized that all parties contributed substantially and materially to the preparation of this Release. All parties acknowledge and waive any claim contesting the existence and adequacy of the consideration given under this Release.

3

WITNESS the hand and seal of each of the undersigned as of the date first written above.

**Creditor:**                                                    **Mrs. Hirsch:**


_____          _____
**Name: _____**          **Judith D. Hirsch**
**Address: _____**
**_____**
**_____**
**Email: _____**

**The Bankruptcy Estate of Master Lending**
**Group, LLC:**


By: _____
**Tiffany E. Caron, in her capacity as**
**Chapter 7 Trustee for Master Lending**
**Group, LLC.**

4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 7** |
| **MASTER LENDING GROUP, LLC,** | § | **Case No. 23-40569-EJC** |
| | § | |
| Debtor. | § | |

---

## CERTIFICATE OF SERVICE

---

I, the undersigned, do hereby certify that I have served the persons named below by sending a copy of the foregoing Motion for Authority to Compromise Pursuant To Bankruptcy Rule 9019, Notice of Motion to Approve Compromise or Settlement and Opportunity for a Hearing by electronic service or by regular U.S. Mail to the address indicated, in envelopes bearing adequate postage:

> Office of the U. S. Trustee
> 33 Bull Street, Suite 400
> Savannah, GA 31401

And

All Creditors and Parties in Interest receiving notice through the Court's CM/ECF Filing System

> This 1st day of July, 2024.

/s/ Tiffany E. Caron
Tiffany E. Caron
Attorney for Chapter 7 Trustee

TIFFANY E. CARON, ESQ.
GA BAR NO. 745089
CHAPTER 7 TRUSTEE
P.O. BOX 711
WEST PALM BEACH, FL 33402
404-647-4917
TIFFANY.CARON@HOTMAIL.COM