**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

<table>
<tr><td>In re:<br><br>MASTER LENDING GROUP, LLC,<br><br><br>Debtor.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>CASE NO. 23-40569-EJC<br><br>CHAPTER 7</td></tr>
<tr><td>TIFFANY E. CARON, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF MASTER LENDING GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SYNERGY HOMES OF GEORGIA, LLC, SYNERGY DESIGNER HOMES, INC., and JOHN READ BRENNAN,<br><br>Defendants.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>ADV. PRO. NO. ___________</td></tr>
</table>

**COMPLAINT**

COMES NOW, Tiffany E. Caron, ("Plaintiff" or "Trustee"), through counsel, as the Chapter 7 Trustee for the Bankruptcy Estate of Master Lending Group, LLC ("MLG" or "Debtor") and shows the Court:

**Preliminary Statement**

This adversary proceeding seeks to recover approximately $2.7 million remaining to be paid pursuant to the Joint Stipulation and Settlement Agreement dated January 12, 2024 ("Settlement Agreement") between Synergy Homes of Georgia, LLC ("SHG"), Synergy Designer Homes, Inc. ("SDH"), and John Read Brennan ("Brennan") (collectively

"Defendants") and the Trustee for the bankruptcy estate of Debtor, approved by order of the Court on March 11, 2024. (Doc. 235). In support of the Trustee's Complaint, Plaintiff states the following:

**PARTIES, JURISDICTION, AND VENUE**

1. On July 6, 2023, the Debtor filed its Voluntary Petition under Chapter 7 of the U.S. Bankruptcy Code.

2. Plaintiff is the duly appointed, acting, and qualified Chapter 7 Trustee for the bankruptcy estate of MLG.

3. MLG is the debtor in the bankruptcy case bearing Case Number 23-40569-EJC ("Bankruptcy Case"), pending in the United States Bankruptcy Court for the Southern District of Georgia, Savannah Division ("Court").

4. Upon information and belief, SHG, is a limited liability company with a principal place of business in the state of Georgia.

5. Upon information and belief, SDH, is a corporation with a principal place of business in the state of Georgia.

6. Upon information and belief, Brennan, is an individual domiciled and residing in the state of Georgia.

7. Jurisdiction in this proceeding arises under and pursuant to 28 U.S.C. § 157(b)(2) and § 1334 as well as Rule 7001 of the Rules of Bankruptcy Procedure.

8. Pursuant to 28 U.S.C. § 157(b)(2), this matter is a core proceeding.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

10. The statutory predicates for relief are 11 U.S.C. § 105, 363, 541, and 542.

11. Plaintiff and Defendants agreed that this Court shall determine "any dispute over this Settlement Agreement" and that the Court "shall retain jurisdiction over the Parties for enforcement of this Settlement Agreement. . ." and that any "action relating to, based upon, or arising from a breach of this Settlement Agreement shall be brought only in the Bankruptcy Court, which shall retain jurisdiction over the subject matter and the Parties for this purpose." Settlement Agreement ¶¶ 12-13.

12. This Court has the power to enter a final judgment in this Adversary Proceeding, and the United States Supreme Court's decision in *Stern v. Marshall*, 131 S.Ct. 2594 (2011) does not prevent this Court from entering a final decision in this Adversary Proceeding. *See In re Melton*, 10-89519-WLH, 2013 WL 2382657, at *2 (Bankr. N.D. Ga. May 20, 2013). By consenting in the Settlement Agreement that this Court may enter a final judgment in this Adversary Proceeding, Defendants are not waiving their right to appeal any judgment.

## FACTUAL BACKGROUND

13. Plaintiff is the Trustee in the Bankruptcy Case.

14. SHG is a limited liability company that may be served through its registered agent, John Read Brennan at 207 Schooner Drive, Savannah, GA 31410 or 5710 Ogeechee Road #200, Box 292, Savannah, GA 31405.

15. SDH is a corporation that may be served through its registered agent, John Read Brennan at 207 Schooner Drive, Savannah, GA 31410 or 5710 Ogeechee Road #200, Box 292, Savannah, GA 31405.

16. Brennan is an individual who resides and may be served with process at 207 Schooner Drive, Savannah, GA 31410.

17. The Debtor's Schedule A/B filed with the Petition and Schedules (Doc. 1) lists the following asset: Breach of promissory note claims against Synergy Homes of Georgia, LLC; Synergy Homes of South Carolina, LLC & Affiliates; J. Read Brennan in an "Unknown" Amount (the "Claims").

18. After the Trustee conducted an investigation of the loans made by MLG to Defendants over the ten (10) years pre-petition and partial repayments thereof from the Debtor's bank statements, internal records and documentation provided by Defendants, she determined that Defendants owed MLG no less than $5,753,192.08 plus interest ("Balance").

19. Because Defendants did not dispute the Balance or that they had not repaid the Balance and the documentary support for the loans was incomplete, missing or was not produced to the Trustee, Plaintiff and Defendants agreed to settle and compromise the Claims by executing the Settlement Agreement, including a personal guaranty signed by Brennan ("Personal Guaranty"). Pursuant to the terms of the Personal Guaranty, Brennan absolutely and unconditionally guaranteed Plaintiff payment of SHG's debts and SDH's debts. (Doc. 235).

20. The Settlement Payment was in the total amount of $3,500,000.00.

21. After this Court approved the Settlement Agreement, Defendants paid the first three installments of $50,000.00, $200,000.00 and $500,000.00 plus a payment of $40,744.97 from a loan against or cash out of a life insurance policy by Brennan, and additional payments totaling $25,000.00 for two extensions of time to make the next payment that was due on December 31, 2025, thereby reducing the Settlement Payment to $2,684,255.03.

22. Because Defendants failed to make the $750,000.00 payment by either extension date, the Trustee requested that special counsel be employed to pursue collection of the remainder of the Settlement Payment. (Doc 624).

23. Special counsel to the Trustee sent Defendants a notice of default on March 26, 2026 notifying them of their defaults pursuant to ¶ 6 of the Settlement Agreement. The notice of default is attached hereto as Exhibit 1.

24. Defendants did not cure their defaults within five (5) business days of their receipt of the notice of default and have made no further payments on the remaining Settlement Amount.

25. Although the parties attempted to resolve the matter, the December 31, 2025 payment has not been paid and the Defendants remain in default of the Settlement Agreement.

26. Upon default and failure to cure, "the Trustee is entitled to demand payment of the full amount due, less any payment made, plus interest thereafter at the rate of twelve (12%) percent per annum and **SHG, SDH, and Brennan consent to the entry of a judgment for the default amount payable with post-judgment interest at the greater of twelve (12%) per annum, or the judgment legal rate.**" Settlement Agreement ¶ 6. (emphasis added).[1]

27. Pursuant to the terms of the Settlement Agreement, the Trustee is entitled to demand $2,684,255.03 plus twelve percent (12%) interest per annum from March 26, 2026 and twelve percent (12%) interest per annum as the post judgment interest rate on a judgment entered by this Court.

28. The Trustee is also entitled to recover her costs of this action and expenses of litigation, including attorney's fees from the Defendants pursuant to O.C.G.A. § 13-6-11. Notice for attorneys' fees is hereby given to Defendants.

29. The Trustee is entitled to a judgment in the amount of at least $2,684,255.03, plus interest at the rate of 12% per annum from the date the Defendants were notified of their default on March 26, 2026, plus costs and attorney's fees pursuant to O.C.G.A. § 13-6-11, against the Defendants, including Brennan as personal guarantor of the debt of SHG and SDH.

[1] The current federal post-judgment rate for judgments entered from 4/6/26 through 4/12/26 is 3.69%.

**FIRST CLAIM FOR RELIEF: BREACH OF SETTLMENT AGREEMENT**

30. Plaintiff incorporates by reference Paragraphs 1 through 29 hereof.

31. The Plaintiff and Defendants entered into the Settlement Agreement subsequently approved by this Court.

32. Defendants failed to pay the December 31, 2025 payment thereby breaching their obligations to pay the remaining Settlement Amount of $2,684,255.03.

33. Despite notice of default, Defendants failed to cure their defaults.

34. The Trustee's damages caused by the breaches of the Settlement Agreement include, but are not limited to, the $2,684,255.03 remaining to be paid, plus twelve percent (12%) interest per annum from March 26, 2026 until judgment is entered and post-judgment interest of twelve percent (12%) per annum until the judgment is paid in full.

35. The Trustee has performed all of her contracted obligations and all conditions imposed under the Settlement Agreement and by law, and is entitled to recover her damages as a result of the Defendants' breaches of the Agreement.

36. Pursuant to the terms of the Settlement Agreement, the Trustee is entitled to a judgment in the amount of $2,684,255.03 plus twelve percent (12%) interest per annum from March 26, 2026 until judgment is entered and twelve percent (12%) interest per annum as the post judgment interest rate on a judgment entered by this Court.

**SECOND CLAIM FOR RELIEF: BREACH OF PERSONAL GUARANTY BY JOHN READ BRENNAN**

37. Plaintiff incorporates by reference Paragraphs 1 through 36 hereof.

38. Brennan has breached his Personal Guaranty by failing and refusing to pay SHG's debts and SDH's debts.

39. As damages, Brennan owes the Trustee $2,684,255.03, which is the entire remaining balance of his obligation pursuant to his Personal Guaranty.

40. Brennan owes the Trustee interest on the $2,684,255.03 amount owed by the Defendants at the rate of twelve percent (12%) interest per annum from the date said amount became due and payable on March 26, 2026, pursuant to the terms of the Personal Guaranty, plus twelve percent (12%) interest post-judgment interest.

41. Brennan owes the Trustee her costs of this action and expenses of litigation, including attorney's fees pursuant to O.C.G.A. § 13-6-11.

42. The Trustee requests reasonable attorney's fees, interest and costs in an amount to be determined by the court.

**THIRD CLAIM FOR RELIEF: ATTORNEY'S FEES AND COSTS**

43. Plaintiff incorporates by reference Paragraphs 1 through 42 hereof.

44. The Trustee again hereby makes her demand for payment of the $2,684,255.03 owed under the Settlement Agreement. Upon failure of Defendants to pay the $2,684,255.03, including interest from March 26, 2026, within ten (10) days from the date this Complaint is served upon Defendants, the Trustee will be entitled to attorney's fees pursuant to O.C.G.A. § 13-6-11.

45. In the actions of Defendants as set forth herein, they have been stubbornly litigious, have acted in bad faith, and have caused the Trustee unnecessary trouble and expense. As a result, Defendants are liable to the Trustee for all attorneys' fees and expenses of litigation incurred in the prosecution of this action pursuant to O.C.G.A. § 13-6-11.

46. Defendants owe the Trustee her costs of this action and expenses of litigation, including attorney's fees pursuant to O.C.G.A. § 13-6-11.

47. The Trustee hereby gives Defendants notice that if they pay the $2,684,255.03 within ten (10) days of receipt of this notice that attorney's fees will not be sought.

48. Trustee requests reasonable attorney's fees in an amount to be determined by the court.

WHEREFORE, the Trustee respectfully requests that this Court enter a judgment against Defendants for the sum to be determined by the finder of fact but, in no event, less than $2,684,255.03, interest of twelve percent (12%) per annum from March 26, 2026, plus attorneys' fees, post-judgment interest of twelve percent (12%) per annum and costs. The Trustee further respectfully requests that such judgment be declared a final judgment.

Respectfully submitted this 14th day of May, 2026.

**HUNTER MACLEAN EXLEY & DUNN, P.C.**

/s/ Francesca Macchiaverna
Francesca Macchiaverna
Georgia Bar No. 462924
fmacchiaverna@huntermaclean.com
Robert Hurst
Georgia Bar No.919180
rhurst@huntermclean.com
Luckshume Ketheeswaran
Georgia Bar No.981388
lketheeswaran@huntermaclean.com
***Attorney for Plaintiff Tiffany E. Caron, Trustee for Master Lending Group, LLC***

P.O. Box 9848
Savannah, GA 31412-0048
(912) 236-0261